FRED M. DOSCHER, Plaintiff, *v.* PATRICK MURPHY, Defendant, RITA MURPHY and Others, Distributees and Devisees under the Last Will and Testament of BETTY CURTIN, Also Known as BETTY MURPHY, Deceased, Respondents, JAMES D. MEENAN, Individually and as Executor, etc., of BETTY CURTIN, Also Known as BETTY MURPHY, Deceased, Appellant, THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.

Second Department, February 10, 1941.

*Charles A. Curtin, 2d,* and *Neil J. Toomey,* for the appellant.

*Melvin Semel,* for the respondents.

PER CURIAM. Betty Murphy died on January 14, 1937, leaving a last will and testament which was admitted to probate in the Surrogate's Court, Queens County. Letters testamentary were issued to James D. Meenan, and he qualified as executor. Testatrix left her surviving a husband and five infant children. Included in the decedent's estate was certain real property in Queens county, incumbered by a mortgage upon which there was due $6,000. Upon default in the payment of taxes and water rates the plaintiff, as assignee of the mortgage, on April 8, 1940, elected to declare

the whole of the unpaid principal to be due and commenced this action to foreclose the mortgage. Meenan, as executor, and the infants were named as parties defendant. The infants, by their *guardian ad litem*, interposed an answer not controverting the allegations of the complaint but setting up a cross-complaint against Meenan, as executor and individually, in which they pleaded two separate causes of action. In the first it is alleged that the rents collected by Meenan were more than sufficient to meet the carrying charges, which he wrongfully failed to pay. In the second it is alleged the property had a value in excess of the sum due on the mortgage, and the infants' share in the equity amounts to $2,666.67. The infants pray that Meenan account for all moneys received and disbursed by him; that they have judgment for the excess of receipts over disbursements; and, if the mortgage is foreclosed, that they have judgment against Meenan individually for $2,666.67, with interest.

On plaintiff's motion the Special Term dismissed the cross-complaint as to plaintiff, directed judgment for the relief demanded in the complaint, severed the causes of action pleaded in the cross-complaint, directed that the first and second causes of action pleaded in the cross-complaint be continued against appellant, and granted other relief. Appellant moved for reargument and, by stipulation, consolidated such motion with a motion he had previously made to dismiss the complaint as to himself. On the consolidated motion reargument was granted, appellant's motion to dismiss the cross-complaint was denied, and in other respects the original decision was adhered to. The appeal is from the order on reargument.

All the relief which respondents seek may be obtained in the Surrogate's Court when the executor accounts. If he has been guilty of misconduct or neglect he will be surcharged. The Supreme Court will not retain jurisdiction of a cause in which the Surrogate's Court has concurrent jurisdiction, unless special facts and circumstances, which do not appear in the instant case, require it. (*Noll v. Ruprecht*, 256 App. Div. 926; affd., 282 N. Y. 598.)

The order should be modified by striking out that part which denies appellant's motion to dismiss respondents' cross-complaint as to him, and by striking out the provision which directs that the action, after severance, shall proceed against appellant on the cross-complaint; and by inserting in place thereof a provision that appellant's motion to dismiss the cross-complaint as to him be granted. As thus modified, the order should be affirmed, without costs.

LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order, on reargument, modified by striking out that part which denies appellant's motion to dismiss respondents' cross-complaint as to him, and by striking out the provision which directs that the action, after severance, shall proceed against appellant on the cross-complaint; and by inserting in place thereof a provision that appellant's motion to dismiss the cross-complaint as to him is granted. As thus modified, the order is affirmed, without costs.