In the Matter of the Estate of HORACE MILLER, Deceased.

Surrogate's Court, Columbia County, August 1, 1946.

*William Hawver* for executors.

*R. Monell Herzberg* for Mary E. Saulpaugh, claimant.

CONNOR, S. The second paragraph of decedent's will reads as follows: " Second — I give and bequeath the sum of five hundred dollars to my daughter, Mary Edith Saulpaugh, as her share of my property, to be paid to her by my said sons, Emerson R., and Elwood H., each to pay $250. by them individually or as executors and charged against each of their interests." This last will and testament was admitted to probate on the 17th day of May, 1937, and to date the legacy remains unpaid.

The daughter, Mary Edith Saulpaugh, instituted a proceeding in the Surrogate's Court of Columbia County under section 217 of the Surrogate's Court Act, in which proceeding the executors were directed to show cause why the bequest should not be paid.

The executors appeared and through testimony indicated the reason the bequest had not been paid was that there were not sufficient moneys in the estate to make payment of the sum of $500.

In the proceedings it was attempted to be shown by testimony that prior to the death of the testator he had conveyed real property owned by him to the executors, who were his sons, and that by the terms of the deed the grantees in the deed, being the executors of the will, were required to pay to the decedent during his lifetime and as long as he should live, the sum of $200 annually, and it was further attempted to be shown that the sums due under this agreement had not been paid, and that it therefore followed, especially in view of the fact that no transfer stamps were upon the deed, that the deed was in effect a mortgage, and that decedent died possessed of real property, and which I assume that it follows could be sold and the bequest to Mary Edith Saulpaugh paid out of the proceeds.

I do not think that section 217 of the Surrogate's Court Act is the proper method to be followed. Section 217 of the Surrogate's Court Act is a remedial statute to facilitate the payment of obligations and is used ordinarily in lieu of an application for compulsory accounting. It is of course true that where a deed, absolute in form, is given as collateral security for a loan, the courts have power to set the deed aside or declare the same to be a mortgage, and recourse may be had not only to the deed and a written agreement executed at the same time, but also to oral testimony bearing on the intent of the parties, and to a consideration of the surrounding circumstances and acts of the parties, in determining whether or not it was intended as a deed or a mortgage. (*Chase National Bank* v. *Tover*, 245 App. Div. 615.) But such a proceeding cannot be brought under section 217 of the Surrogate's Court Act, and in fact it is doubted that the action could be brought in the Surrogate's Court at all. The Surrogate's Court, with its extended powers, has no jurisdiction to direct judgment for a debt due the estate. (*Matter of Brazil*, 219 App. Div. 594; *Matter of Hammer*, 237 App. Div. 497, affd. 261 N. Y. 677, motion for reargument denied 262 N. Y. 647; *Doscher* v. *Murphy*, 261 App. Div. 263.) Such an action would of necessity have to be brought in either the Supreme Court of the State of New York, or the County Court of the county where the real property is situate.

It might well be that if the parties submitted the matter to the Surrogate for decision the claimant could obtain her

remedy in the Surrogate's Court, but the executors have raised the question of the jurisdiction of the Surrogate to act, and under those circumstances the court is without jurisdiction. In fact, they would be deprived of their right to a jury trial, to which they are entitled.

The petition is therefore dismissed.

Submit order.