Peter M. Daly, J.
Motion by defendant for an order dismissing the complaint and each cause of action therein on the grounds that the court does not have jurisdiction of the subject matter and that the complaint does not state facts sufficient to constitute a cause of action.
Plaintiff’s mother and the defendant are the children and-sole survivors of Adelina Trapani, who died a resident of Queens County on August 31,1955 at the age of 88 years. Plaintiff is the assignee of her mother who resides in Italy. During her lifetime, the decedent owned a parcel of real property in Corona.
On September 26, 1946, decedent executed a will leaving her estate equally to plaintiff’s mother and to the defendant. A document purporting to be a later will, dated August 25, 1952, bequeathes one dollar to plaintiff’s mother and gives the rest of the estate to the defendant. On September 8, 1955, the defendant filed this latter instrument, but did not probate it.
Plaintiff alleges that the second instrument was not duly executed by the decedent, that she did not publish it to the witnesses whose names are subscribed thereto, that the witnesses *987 did not sign in her presence or in the presence of each other, that it was not executed on the date it bears, that the decedent was not of sound mind at the time of the execution of such will and that it was not. voluntarily executed, but that it was procured by fraud and undue influence.
In the second cause of action, plaintiff alleges that on November 17, 1954, defendant recorded a deed, dated and allegedly acknowledged on November 15, 1954, purporting to convey decedent’s real property to the defendant, that the deed was not duly executed by the decedent, that she was not then of sound mind and that the instrument was procured by fraud and undue influence practiced by the defendant.
As a third cause of action, plaintiff alleges that defendant has resided in an apartment in decedent’s premises for many years without paying therefor, that plaintiff’s mother was always a devoted daughter and on affectionate terms with her mother until the decedent became incompetent or senile, that plaintiff’s mother came to this country to visit her mother in December, 1953, that defendant attempted to prevent the issuance of a visa to plaintiff’s mother, that as a result of an operation for cancer prior to December, 1953 and as a result of the pain and advanced age, decedent became senile and mentally incompetent and was unable to recognize plaintiff’s mother as her daughter and that defendant knowing said condition fraudulently induced the decedent to execute the alleged second will and the deed and took possession of decedent’s entire estate.
Plaintiff seeks judgment probating the first will, declaring the second will to be null and void, canceling the alleged deed as fraudulent and void and impressing a trust upon the real property. Plaintiff also seeks damages for use and occupation and an accounting.
The first cause of action is sufficient as an action to probate the last will and testament of the decedent. The second cause of action is sufficient to set aside a conveyance. The third cause of action is insufficient. Many of the allegations are merely evidentiary of the first two causes of action which, if proved by the plaintiff, will accord her all necessary relief.
The second branch of the motion is granted to the extent of dismissing the third cause of action for insufficiency, and it is otherwise denied.
The principal problem presented by this motion is whether the Supreme Court should retain jurisdiction to probate decedent’s will or should relegate the plaintiff to the Surrogate’s Court.
*988 The Supreme Court is a court of general jurisdiction. It may probate a will and exercise jurisdiction in many other matters where the Surrogate’s .Court also has jurisdiction. The Legislature cannot deprive it of its jurisdiction, derived from the Constitution, although concurrent jurisdiction may also be granted to some other court. (Matter of Malloy, 278 N. Y. 429.)
Ordinarily the Supreme Court will not retain jurisdiction of a cause in which the Surrogate’s Court has concurrent jurisdiction unless special facts and circumstances require it. (Noll v. Ruprecht, 256 App. Div. 926, affd. 282 N. Y. 598; Doscher v. Murphy, 261 App. Div. 263.)
Such special facts exist in this case. The relief demanded, besides the probate of the will, includes the cancellation of a deed and the impressing of a trust upon real property. Such relief is beyond the jurisdiction of the Surrogate’s Court, except as an incident to an accounting proceeding. (Feit v. Schwartz, 83 N. Y. S. 2d 576; cf. Matter of Venblow, 2 A D 2d 365.) It is apparent, therefore, that plaintiff could not obtain complete relief in the Surrogate’s Court, but would eventually have to resort to this court for part of the relief, thus causing multiplicity of actions involving, to a large extent, the same issues. Under the circumstances, it is appropriate that this court retain jurisdiction.
The first branch of the motion is denied. The second branch of the motion is granted only to the extent of dismissing the third cause of action, and it is otherwise denied.
Submit order.