J. Irwin Shapiro, J.
Plaintiff moves ‘ ‘ for an order dismissing the counterclaim on the grounds that the counterclaim does not state facts sufficient to constitute a cause of action.”
The complaint, which has been upheld by this court (Lazzarini v. Trapani, 10 Misc 2d 985), sets forth two causes of 'action, the first to set aside a will, and the second to set aside a deed made by defendant’s mother to him.
The counterclaim, which is also asserted as a defense, sets forth that from about the year 1921 and after the death of the grantor’s husband, defendant supported and maintained the grantor, his mother; that since that time (1921) he has paid *745 all of the taxes, interest on mortgages and all the other carrying charges on the premises described in the complaint; that on March 15, 1954, the grantor, in consideration of all of the foregoing, conveyed said premises to him; that none of the moneys thus expended by the defendant have been repaid to him and that if for any reason the deed to him should be set aside, he should be reimbursed for all of his expenditures.
The plaintiff seeks to have the counterclaim dismissed as insufficient on its face to state a cause of action. No memorandum is submitted in support of the motion, nor did plaintiff’s' attorney see fit to argue the motion and enlighten the court as to why, in his opinion, it is insufficient.
If the plaintiff’s attorney is not, in the first instance, sufficiently interested in his motion to look up and cite the law that he claims makes the counterclaim demurrable, this court will not do so for him.
On a reading of the counterclaim, it appears quite ample.
Motion denied, with $10 costs. Submit order.