In the Matter of the Estate of EDWARD PEDRETTE, Deceased.

Surrogate's Court, New York County, September 25, 1934.

*Joseph A. Cox*, for public administrator, petitioner-defendant.

*Markewich & Null*, for objectant-plaintiff.

DELEHANTY, S. Prior to this year the gradual legislative development of the jurisdiction of the Surrogates' Courts of this State had left wholly unaffected the situation which sometimes existed when litigations pending in courts of general jurisdiction made impossible the completion of administration of an estate. Parties who had the undoubted right and perhaps the obligation to pursue their remedies in courts of general jurisdiction were obliged to continue in that jurisdiction to a conclusion of the controversy. It happened not infrequently that resort was had to such jurisdictions by claimants who deliberately avoided a hearing in the Surrogate's Court and who sought to take advantage of the delays incident to calendar conditions in the other courts so as to compel adjustment or settlement of unworthy claims by the mere pressure of the necessity of persons entitled to share in the estate who were barred from their property by the delay in decision of the pending litigation.

The report of the Commission on the Administration of Justice filed recently with the Legislature of the State of New York pointed out that because of calendar conditions in certain courts of general jurisdiction the delay in trials on the law side of the court might be as long as three years. These undesirable delays occurred chiefly in the large centers of population. The Commission proposed various remedies.

In an effort to improve the administration of estates and incidentally to aid in reducing congestion in other courts, a group of surrogates conferred upon the problem presented by the delays referred to so far as they affected the administration of estates. As a result of that conference there was prepared and submitted to the Legislature a draft of a bill which if enacted into law would have conferred upon this court jurisdiction to try any issue the determination of which was necessary or appropriate to the administration of an estate. The legislation in question proposed to amend section 40 of the Surrogate's Court Act and as well other sections of that act and of the Civil Practice Act. The proposed legislation had limited transfers from the Supreme Court to cases which that court by its own order directed to be transferred after consent to such transfer had been procured from the Surrogate's Court. In the case of the other courts power to make the transfer was proposed to be lodged in the surrogates themselves.

After the proposed bill was introduced in the Legislature in its 1934 session a conference was had between a committee of the surrogates and a committee of justices of the Supreme Court in New York county. In such conference it was ascertained that the work on the equity side of the Supreme Court in New York county was substantially up to date and that no need existed for any transfer from that court of cases brought on its equity side. After this joint study of conditions had been made, amendments were proposed to the bills then pending in the Legislature. The broad text originally presented for consideration was amended so that the right of transfer no longer related to all types of actions and proceedings but was limited to " actions at law." This change was made in each of the proposals to amend the respective sections of the Surrogate's Court Act and of the Civil Practice Act. As so amended the legislation received the approval of the justices of the Supreme Court and of the surrogates and eventually of the Legisture and of the Governor and is now chapter 352 of the Laws of 1934.* By its terms the legislation became effective September 1, 1934.

---

* Amending Surr. Ct. Act, §§ 40, 41, 65; Civ. Prac. Act, § 168, and adding § 190-a.

In the daily work of this court it has been learned that ordinarily the matters pending in other courts which delay the administration of estates are those which arise by reason of claims of third parties to assets also claimed by the representatives of estates and those which arise because claimants have preferred to sue in other jurisdictions upon their claims rather than await the accounting in this court. The Legislature by chapter 539 of the Laws of 1934* (effective September 1, 1934) removed all doubt of the jurisdiction of this court to try claims of third parties to specific money or property or the proceeds thereof in the possession of an estate representative. This enactment has the same objective as chapter 352 of the Laws of 1934, to wit, the expediting of estate administration. Suits in replevin or conversion against estate representatives will no longer be necessary. Title claimed adversely to the estate may now be asserted under the simple and expeditious process of this court.

In the matter here for decision there is requested the consent of this court to a transfer to it from the Supreme Court of an issue pending in the latter court. It is disclosed by the moving papers that the issue pending in the Supreme Court is on the equity calendar of that court. As stated, an issue may readily be reached for trial on that calendar if counsel take the necessary steps under the practice of that court to move it for trial.

Petitioner here argues that the language used in chapter 352 of the Laws of 1934 applies to all litigations. He refers to section 8 of the Civil Practice Act, which says: " § 8. Only one form of civil action. There is only one form of civil action. The distinction between actions at law and suits in equity, and the form of those actions and suits, have been abolished." He argues that since the distinction between actions at law and in equity has been abolished the phrase " action at law " must be given the same interpretation as if it had read " action or proceeding."

While only one form of civil action is authorized it still remains the fact that in professional and judicial thought there is a clear distinction between actions at law and actions in equity. The same legislative enactment which granted to this court power to consent to a transfer from the Supreme Court added to the Civil Practice Act a new section, known as 190-a. In this section the Legislature also used the phrase " any action at law." In the amendments made by the same act to sections 41 and 65 of the Surrogate's Court Act the same phrase was used. The court must give meaning to this phrase. The legislative purpose is to bar

---

*Adding Surr. Ct. Act, § 206-a.

removal of actions on the equity side of the court and to authorize removal of those only which in professional and judicial thought are considered actions at law.

Because of the nature of the action now pending in the Supreme Court this application for the consent of this court to the proposed transfer is denied for want of power.

Submit on notice order accordingly.