In the Matter of the Estate of MARIE PFERSICH, Deceased.

Surrogate's Court, New York County, November 17, 1934.

*Joseph A. Cox*, for the public administrator.

*Ely Simpson*, for the plaintiff.

FOLEY, S. This is an application by the public administrator of New York for an order evidencing the consent of the surrogate to the transfer of an action to this court, now pending against the estate in the Supreme Court, New York county. The proceeding has been recently authorized by the enactment of chapter 352 of the Laws of 1934 which amended appropriate sections of the Surrogate's Court Act and the Civil Practice Act. Section 40 of the Surrogate's Court Act was amended by adding a new subdivision (Subd. 9), whereby in addition to the general grant of jurisdiction to the Surrogate's Court previously set forth in that section, authority and power was given to transfer actions at law affecting the administration of estates and pending in other courts, to the Surrogate's Court of the

counties of New York, Kings, Queens, Bronx, Richmond and Westchester. Where an action is pending in a court other than the Supreme Court, only the order of the surrogate is necessary for the transfer. Where an action is pending in the Supreme Court, transfer may only be made, under the terms of the new amendments, in the discretion of the Supreme Court upon the prior consent of the surrogate evidenced by his order. Actions in equity were purposely excluded from the power to transfer, because of the reasonably short time within which such actions might be reached for trial in the Supreme Court. (*Matter of Pedrette*, DELEHANTY, S., 153 Misc. 106.)

Where a jury trial is granted as of right in the other forum, it is preserved in the Surrogate's Court. Authority is also given for the consolidation of the action with a pending accounting or other proceeding in the Surrogate's Court. (Surr. Ct. Act, § 65, as amd.) An amendment to section 41 of the Surrogate's Court Act confers jurisdiction upon this court over the parties to the action transferred to it. Jurisdiction to stay the prosecution of the action pending the application for removal was provided by appropriate amendment to section 168 of the Civil Practice Act. Concurrently with the grant of power to the Surrogate's Court to consent to the transfer of the action, independent jurisdiction was given to the Supreme Court by the provisions of new section 190-a of the Civil Practice Act to transfer to the Surrogate's Court of the counties mentioned an action pending in the Supreme Court affecting the administration of an estate. This series of amendments became effective on September 1, 1934.

This legislation was originally proposed by my colleague, Mr. Surrogate DELEHANTY. The final form of the amendments was reached after conference of a committee of the surrogates and a committee of justices of the Supreme Court in the First Judicial District.

The general purpose of the new legislation was to expedite the complete administration of an estate and the final distribution of its funds and assets to the creditors, next of kin, legatees or other beneficiaries. Due to the burdensome accumulation of litigation in the Municipal Court, the City Court and the Supreme Court, with resultant delays in reaching an action for trial, the determination of an action was necessarily postponed from one year to four years depending upon the condition of the calendars of the respective courts. The calendars of the Surrogates' Courts within the counties named are up to date and a trial, either jury or non-jury, may be reached within a few months. It was the intention of the proponents of this new legislation that the new power should be used sparingly,

in order to avoid an accumulation of trials in the Surrogate's Court, which might interfere with the orderly conduct and the expeditious disposition of its specialized judicial work. The new power was intended to be used only where injustice, delay and needless expense to the beneficiaries of an estate would result, if the transfer were not made. The nature of the new right, the form of procedure and the application to specific cases have been considered and determined in the following recent decisions: *Matter of Burza* (153 Misc. 112); *Matter of Levine* (Id. 109); *Matter of Franklin* (Id. 110); *Matter of Kiernan* (N. Y. L. J. Oct. 3, 1934).

The pending application presents a typical example of the advantage of the new amendments and the beneficial objective sought by their enactment. During the administration of this estate, the claimant and present plaintiff in the Supreme Court action filed his claim with the public administrator in the sum of $10,825 for board, lodging, maintenance, support, medical care and nursing covering a period of over eight and one-half years at the rate of twenty-five dollars per week. The net estate available for distribution was approximately $19,000. The claim was rejected. In the month of May, 1934, the public administrator filed his account in this court and citation was served upon the claimant. Objections were filed to the account by the claimant on June 9, 1934, wherein the claimant objected to the disallowance of his claim. The issues raised by the claimant's objections, and those filed by other parties, were set for trial for July 25, 1934. Shortly prior to the day set for hearing, and upon June 28, 1934, the claimant instituted his action in the Supreme Court demanding judgment for the same amount set forth in his claim. On the 25th of July 1934, the date fixed for trial in the Surrogate's Court, all the objections, with the exception of the claimant's, were disposed of. The claimant was then offered the opportunity of a trial, but declined it. An immediate disposition could have been made if a jury trial was not demanded. If a jury trial had been demanded, it could have been had at the Trial Term of this court set for October or November, 1934. The only obstacle to the final distribution of the funds of the estate to the next of kin is the pendency of the Supreme Court action. A decree was entered settling the account but withholding distribution of the estate until the determination of the Supreme Court action or a determination of the Surrogate's Court in the event of transfer. The action in the Supreme Court is at issue. It has not been noticed for trial. In such a situation a vigilant plaintiff and his attorney would be benefited by an early trial of his claim in this court and a prompt recovery of the amount, if any, due him from the estate. To continue his action in the Supreme Court will result in delay, due to unavoidable calendar congestion. In the event of transfer, an

immediate trial is available to the claimant in the Surrogate's Court. The strategy of the claimant directly prejudices the next of kin entitled to distribution of the estate funds. Under all the foregoing circumstances, consent for the transfer of the action should be granted. The fixation of the day of trial must necessarily await the requisite statutory approval of the Supreme Court, New York county, to the transfer to this court. If such approval be given, the plaintiff-claimant will be required to elect within ten days of the entry of the order of transfer as to whether a jury or non-jury trial of the claim shall be had.

If a jury trial be desired, a written demand therefor shall be served upon the attorneys who have appeared in the accounting proceeding and shall be filed with the clerk of this court and the statutory jury fee in the Surrogate's Court shall be paid by the claimant simultaneously with the filing of such demand.

Submit order on notice accordingly.