WILLIAM LINDER, Respondent, v. MOE LEVY, Appellant.— Action in *quantum meruit* by a physician for services rendered to a patient. Order granting an examination of defendant before trial modified by providing that the examination under the first decretal paragraph shall be limited to the number of visits and the general nature thereof, and as so modified affirmed, without costs; the examination to proceed on five days' notice. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Hagarty, J., concurs in the modification of the first decretal paragraph of the order appealed from but dissents as to the affirmance of the second decretal paragraph thereof and votes to modify the order further by striking out the second decretal paragraph, and as thus modified, to affirm. (*Williams* v. *Lewis*, 13 App. Div. 130.)

ELEANOR G. NOLL, an Infant, by GERDA NOLL, Her Guardian ad Litem, and GERDA NOLL, Respondents, v. OTTO RUPRECHT and FREDERICK A. ALBRECHT, Individually and as Trustees under the Last Will and Testament of RUDOLPH R. NOLL, Deceased, Appellants.— Order denying motion for summary judgment dismissing the amended complaint in an action brought in the Supreme Court to declare a will a nullity and to remove testamentary trustees, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. As the will had been admitted to probate in the Surrogate's Court of Queens county, the action was not maintainable in that respect. Although the Supreme Court has jurisdiction in an action to remove testamentary trustees, it will not, in the exercise of its discretion, retain the same unless facts are alleged from which it appears that a meritorious cause of action is set forth upon grounds other than those enumerated in section 99 of the Surrogate's Court Act. (*Pyle* v. *Pyle*, 137 App. Div. 568; affd. without opinion, 199 N. Y. 538.) Determination of issues within the specialized jurisdiction of the Surrogate's Court should be adjudicated therein. (*Schmidt* v. *King*, 247 N. Y. 578; *Sanders* v. *Soutter*, 126 id. 193; *Matter of Smith*, 120 App. Div. 199; *Evans* v. *Appell*, 211 id. 105, 109.) The complaint sets forth no allegations of fact warranting a departure from this well-settled rule and, in fact, when considered in the light of the showing in support of and in opposition to this motion, does not even present a triable issue. Accounting services by one trustee and rental of estate property by the other are expressly authorized by the testator in his will. There is no showing of mismanagement or waste or dereliction of duty. Although this motion was made, apparently, pursuant to rule 113 of the Rules of Civil Practice, and it may not be held as a matter of law that the Supreme Court was without jurisdiction, it was proper to hear the appellants thereunder in an application to invoke the rule that the Supreme Court will not retain jurisdiction of a cause as to which the Surrogate's Court has concurrent jurisdiction, unless special facts and circumstances require it. (*Moore* v. *De Groote*, 158 App. Div. 828.) Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.