Louis H. Schroeder, Appellant, v. Zigmund Ziring, Respondent, and Joshua Wagner, Appellant.—

No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

Gerald Shea, an Infant, by Joseph A. Shea, His Guardian ad Litem, et al., Respondents, v. The City of New York, Appellant.—

No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

Olga Shea, Appellant, v. Martin F. Shea et al., as Executors of William J. Shea, Deceased, Respondents.—

In the light of all the circumstances, the granting of the motion was an improper exercise of discretion. Plaintiff was expressly afforded a right of action pursuant to statute. (Decedent Estate Law, § 146; Surrogate's Court Act, § 211.) While the rule that the Supreme Court will not retain jurisdiction where the Surrogate's Court has concurrent jurisdiction would, nevertheless, ordinarily prevail (Noll v. Ruprecht, 256 App. Div. 926; affd., 282 N. Y. 598), no timely application was addressed by the defendants to the discretion of the Supreme Court. Although the action was commenced in the Supreme Court on March 21, 1941, the defendants did not make such application until the action was ready to be tried on October 26, 1942. Under these circumstances, and in the light of the fact that a simple issue was presented, namely, as to the marriage of plaintiff with decedent, so that no advantage would be obtained by transfer to the specialized jurisdiction of the Surrogate's Court, the trial should have proceeded. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

Philip Silverglate, Appellant, v. Julius Silverglate et al., Respondents.—

Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.