In the Matter of the Accounting of ARLINGTON C. HALL et al., as Trustees under the Will of WILLIAM H. HALL, Deceased.

ARLINGTON C. HALL, as Trustee, Petitioner; RAYMOND B. STRINGHAM, Respondent.

Surrogate's Court, New York County, September 18, 1944.

*William B. Butler, H. A. Heydt* and *C. E. Heydt* for Arlington C. Hall, as trustee, petitioner.

*Thomas J. Whalen* and *Pliny W. Williamson* for Charles E. Hall, as trustee of William H. Hall, deceased.

*Kadel & Hoffman* for Arlington C. Hall, individually.

*Monroe Goldwater* for respondent appearing specially.

DELEHANTY, S. It has long been settled by appellate action that it is desirable that issues affecting the administration of estates be disposed of in the Surrogate's Court. (*Noll* v. *Ruprecht*, 282 N. Y. 598, affg. 256 App. Div. 926.) The latest expression on the subject is that of the Appellate Division in this Department which in *Matter of Ranft* (268 App. Div. 136) reversed the order of the Supreme Court denying a motion to dismiss a proceeding there so that it might be instituted in the Surrogate's Court having jurisdiction. The Appellate Division was explicit in its view that jurisdiction should not be taken though concededly it existed in the Supreme Court.

In this estate an accounting of testamentary trustees cannot be closed until the issue is determined whether the trust fund under administration is subject to charges for services rendered to the trustees of the fund. These trustees have been sued in an action in the Supreme Court for the services rendered to them as trustees. Other causes of action have been joined. This court is asked to consent to the transfer to it of the action in the Supreme Court. So far as that action involves the rendition of services to the testamentary trustees as such the consent to the transfer is given. It is of no consequence that the trustees are sued in their individual names. Since they have the right to seek indemnity out of the trust fund this court has jurisdiction of the litigation though it runs nominally in the name of individuals. (*Matter of Volk*, 46 N. Y. S. 2d 459, affd. 268 App. Div. 818.)

The court gives its consent to the transfer because of the need to close an accounting proceeding which can be completed upon the trial of the issue as to the liability of the trustees and the fund for lawyers' services. The transfer to this court if made by the Supreme Court will assure to the plaintiffs as of right the jury trial which they are said to have demanded in the Supreme Court. That court has power to sever the action pending there so as to limit its transfer of the controversy to so much of it as relates to the trust fund under this court's supervision.

Submit, on notice, order accordingly.