OLIVE M. McGIRR, Respondent, v. ELIZABETH W. KEESLER, Individually and as Administratrix of the Estate of HARVEY KEESLER, Deceased, Appellant, and EVA B. ROONEY et al., Defendants.— Plaintiff, a daughter of the decedent, brought an action in the County Court of Rockland County for the partition of a parcel of real property, the sole asset of decedent's estate, against the defendant administratrix, widow of decedent and only other party in interest, and certain creditors. The administratrix interposed an answer which contained certain denials but did not set out an affirmative defense in respect of the pendency of any proceeding in the Surrogate's Court or elsewhere. The administratrix appellant moved to dismiss the complaint on the ground it did not state facts sufficient to constitute a cause of action. Order denying appellant's motion affirmed, with $10 costs and disbursements. The motion did not seek the exercise of discretion. It merely raised a question of law as to whether or not the County Court had jurisdiction of a partition action. That jurisdiction is expressly conferred by section 67 of the Civil Practice Act. The fact that the Surrogate's Court has concurrent jurisdiction does not preclude the bringing of a partition action in the County Court. However, if upon a proper showing the appellant had invoked the discretion of the Surrogate's Court, then the usual rule — that of favoring the specialized jurisdiction of the Surrogate's Court in the administration of the affairs of decedent, especially where proceedings have been first instituted in that court (Wade v. Bigham, 178 Misc. 305; Matter of Schopperle, 189 Misc. 111) — might well have been applied. Here, however, the appellant did not invoke such discretion. She seemingly has refrained, for some reason, from proceeding in the Surrogate's Court to bring about a sale of the property here involved and a distribution of the proceeds. She is still free to move to do so if she moves without delay under circumstances which commend themselves to a sound exercise of discretion by the Surrogate. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

MORTON MILMAN, Respondent, v. DOROTHY DENNISTON, Appellant.— Appeal by defendant from an order denying her motion to cancel a lis pendens and granting plaintiff's cross motion to amend the judgment entered September 3, 1946, by adding thereto a decretal paragraph adjudging that the complaint be dismissed. Order modified on the law and the facts by adding thereto an ordering paragraph that the amendment of the judgment of September 3, 1946, made by the order appealed from, be nunc pro tunc as of the time of the entry of the original judgment. As so modified, the order is affirmed, with $10 costs and disbursements to respondent. The modification is necessary in order to enable this court to resettle its order of affirmance entered February 24, 1947 (271 App. Div. 988), so as to recite that the order granting defendant's motion for summary judgment and the amended judgment entered pursuant thereto dismissing the complaint, are affirmed. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [190 Misc. 210.]