In the Matter of the Estate of Louis Katz, Deceased.

Surrogate's Court, New York County, December 11, 1947.

Charles G. Coster for Milton Farber, as executor of Louis Katz, deceased, petitioner.

Samuel G. Rabinor for Gussie Levine, respondent.

Delehanty, S. The application for consent to transfer to this court an action now pending in the Supreme Court is in all respects granted. It is now the settled policy of the Supreme Court to concentrate in the Surrogate's Court all matters affecting the administration of estates (Ris v. Ris, 257 App. Div. 845; Noll v. Ruprecht, 256 App. Div. 926, affd. 282 N. Y. 598; Matter of Ranft, 268 App. Div. 136). It is particularly appropriate here that the action be transferred because the plaintiff in the action has filed objections to the now pending accounting which raise precisely the same questions as are raised in the Supreme Court action. The only objection to the consent now interposed is based on the views of this court in Matter of

*Pedrette* (153 Misc. 106). This court has already said that the views there expressed are now without significance in view of the later action of the Supreme Court in the cases here cited. In addition to that the agreement upon which plaintiff asserts a claim may well be construed to set forth only an action for damages. The Supreme Court has the final word in respect of any transfer. This court has jurisdiction in an accounting proceeding to dispose of all questions either in law or in equity necessary to closing the affairs of the estate. It will exercise that jurisdiction if the action is transferred. There can be no doubt of the power of the Supreme Court to make the transfer if it chooses.

Submit, on notice, order granting consent accordingly.