In the Matter of the Accounting of JOHN MASLANKA, as Administrator of the Estate of MATT MASLANKA, Deceased. In the Matter of the Application of JOHN MASLANKA, Individually and as Administrator of the Estate of MATT MASLANKA, Deceased, for an Order Transferring to the Surrogate's Court an Action Pending in the Supreme Court, Appellant. FERN C. MASLANKA, Respondent.— On July 23, 1952, decedent died, leaving cash and three parcels of real property. Letters of administration were issued by the Surrogate's Court, Kings County, on August 1, 1952. On November 20, 1953, an action for partition of the three parcels of property was commenced in the Supreme Court by the widow of one of decedent's children. On September 21, 1954, appellant filed a petition in the Surrogate's Court for leave to sell the three parcels. On October 28, 1954, an order was made in the Supreme Court striking out the answer in the Supreme Court action with respect to the cause of action for partition of the three parcels. On January 21, 1955, appellant (administrator of the estate) applied to the Surrogate's Court for an order consenting to receive the second cause of action in the Supreme Court partition action. This is an appeal from the order entered on reargument adhering to the original determination which denied the motion in the exercise of discretion. Order affirmed, with $10 costs and disbursements. The Surrogate's Court was without power under subdivision 9 of section 40 of the Surrogate's Court Act to grant the application. That section authorizes the Surrogate's Court to receive for trial an action in the Supreme Court if the Surrogate consents and the Supreme Court so orders. The Supreme Court action may not be received in the Surrogate's Court for trial because defendants' answer in the Supreme Court action has been struck out. Even if the Surrogate had the power to consider the application, it may not be said that the exercise of discretion by the Surrogate in denying

the applicant was improvident. The Supreme Court assumed jurisdiction over these three parcels of property in November, 1953, whereas the Surrogate's Court did not assume such jurisdiction until September, 1954, when the petition for leave to sell was filed. The administrator was in possession of the realty for over two years before he made an application for leave to sell the property at some time in the future. That is affirmative proof that the administrator was following a deliberate course of inaction. Furthermore, it does not appear even now that the administrator will proceed seasonably with the sale of the property and distribution of the proceeds. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ., concur.