John D. Bennett, S.
This is a proceeding which seeks the consent of the Surrogate to the transfer o'f a partition action now pending in the Supreme Court, Nassau County, to this court.
*105 The complaint in the partition action in which Lena Hutchinson Smith as executor and trustee is the plaintiff, and the petitioner here, her brother, Alvan S. Hutchinson, is one of the defendants, demands judgment.
“ (a) For a partition and division of said property among the said parties according to their respective rights and interests
“(b) That the defendant, Alvan S. Hutchinson, account to the plaintiff for all moneys received and/or expended in connection with the operation of the Lyric Theatre subsequent to July 1, 1954, and that plaintiff have judgment against said defendant for any sums found to be due her.”
Lena Hutchinson Smith is also an individual defendant and interposed a cross claim against Alvan S. Hutchinson in which she demands that: ‘ ‘ defendant, Alvan S. Hutchinson, account to her for all monies received and/or expended in connection with the operation of the Lyric Theatre subsequent to July 1, 1954, and that defendant, Lena Hutchinson Smith, have judgment against defendant, Alvan S. Hutchinson, for any sums found to be due her.”
Alvan S. Hutchinson’s answer, inter alia, sets up a counterclaim and cross claim against his sister and the coexecutor individually and in their representative capacities. In this counterclaim he seeks an accounting for all moneys received and expended by them in the operation and management of the real property, partition of which is sought in the complaint.
In this court there is pending an intermediate accounting proceeding initiated by Lena Hutchinson Smith in her representative capacity, and an accounting proceeding involving an account by the coexecutor and cotrustee who had been permitted to resign as trustee in 1952.
Section 190-a of the Civil Practice Act and the companion subdivision 9 of section 40 of the Surrogate’s Court Act, in appropriate instances permits the transfer of actions from the Supreme Court to the Surrogate’s Court. Related sections are section 65 of the Surrogate’s Court Act dealing with consolidation of actions and section 41 of the Surrogate’s Court Act giving jurisdiction over parties. The rationale for these provisions is set forth in Matter of Pfersich (153 Misc. 609-611):
“ The proceeding has been recently authorized by the enactment of chapter 352 of the Laws of 1934 which amended appropriate sections of the Surrogate’s Court Act and the Civil Practice Act. Section 40 of the Surrogate’s Court Act was amended by adding a new subdivision (Subd. 9), whereby in addition to the general grant of jurisdiction to the Surrogate’s Court pre *106 viously set forth in that section, authority and power was given to transfer actions at law affecting the administration of estates and pending in other courts, to the Surrogate’s Court of the counties of New York, Kings, Queens, Bronx, Richmond and Westchester. Where an action is pending in a court other than the Supreme Court, only the order of the Surrogate is necessary for the transfer. Where an action is pending in the Supreme Court, transfer may only be made, under the terms of the new amendments, in the discretion of the Supreme Court upon the prior consent of the surrogate evidenced by his order. Actions in equity were purposely excluded from the power to transfer, because of the reasonably short time within which such actions might be reached for trial in the Supreme Court. (Matter of Pedrette, Delehanty, S., 153 Misc. 106.)
‘ ‘ Where a jury trial is granted as of right in the other forum, it is preserved in the Surrogate’s Court. Authority is also given for the consolidation of the action with a pending accounting or other proceeding' in the Surrogate’s Court. (Surr. Ct. Act, § 65, as amd.) An amendment to section 41 of the Surrogate’s Court Act confers jurisdiction upon this court over the parties to the action transferred to it. Jurisdiction to stay the prosecution of the action pending the application for removal was provided by appropriate amendment to section 168 of the Civil Practice Act. Concurrently "with the grant of po^ver to the Surrogate’s Court to consent to the transfer of the action, independent jurisdiction was given to the Supreme Court by the provisions of new section 190-a of the Civil Practice Act to transfer to the Surrogate’s Court of the counties mentioned an action pending in the Supreme Court affecting the administration of an estate. This series of amendments became effective on September 1, 1934.
“ This legislation was originally proposed by my colleague, Mr. Surrogate Delehahty. The final form of the amendments was reached after a conference of a committee of the surrogates and a committee of justices of the Supreme Court in the First Judicial District.
" The general purpose of the new legislation was to expedite the complete administration of an estate and the final distribution of its funds and assets to the creditors, next of kin, legatees or other beneficiaries. Due to the burdensome accumulation of litigation in the Municipal Court, the City Court and the Supreme Court, with resultant delays in reaching an action for trial, the determination of an action was necessarily postponed from one year to four years depending upon the condition of the calendars of the respective courts. The calendars of the Surrogates’ *107 Courts within the counties named are up to date and a trial, either jury or non-jury, may he reached within a few months. It was the intention of the proponents of this new legislation that the new power should be used sparingly, in order to avoid an accumulation of trials in the Surrogate’s Court, which might interfere with the orderly conduct and the expeditious disposition of its specialized judicial work. The new power was intended to be used only where injustice, delay and needless expense to the beneficiaries of an estate would result, if the transfer were not made. The nature of the new right, the form of procedure and the application to specific cases have been considered and determined in the following recent decisions: Matter of Burza (153 Misc. 112); Matter of Levine (Id. 109); Matter of Franklin (Id. 110); Matter of Kiernan (N. Y. L. J. Oct. 3, 1934).”
Since the enactment of the provisions amending the sections referred to, the emphasis on transfer only of actions at law to the Surrogate’s Court and consolidation of pending actions and proceedings with actions at law only has been blunted.
In Levine v. Farber (81 N. Y. S. 2d 20, 21) the court said: ‘ ‘ Whether this case is considered as equitable in nature or at law, is unimportant so far as the result is concerned. If it be a law case, then Section 190-a, C. P. A. is applicable. Matter of Pedrette, 153 Misc. 106, 274 N. Y. S. 607. If it be an equity case, this court should decline to exercise its jurisdiction of the subject matter, where, as here, the Surrogate’s Court has a concurrent jurisdiction and the matter comes within its specialized province. Schmidt v. King, 247 N. Y. 578, 579, 161 N. E. 189, 190; Matter of Runk v. Thomas, 200 N. Y. 447, 461, 94 N. E. 363, 368; Lawrence v. Littlefield, 215 N. Y. 561, 109 N. E. 611; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Noll v. Ruprecht, 256 App. Div. 926, 9 N. Y. S. 2d 651, affirmed 282 N. Y. 598, 25 N. E. 2d 386 ”.
The court continued however: ‘ ‘ Moreover, as was stated by the learned Surrogate in the memorandum above cited, ‘ It is particularly appropriate here that the action be transferred because the plaintiff in the action has filed objections to the now pending accounting which raise precisely the same questions as are raised in the Supreme Court action.’ The application is accordingly granted.”
The earlier emphasis on the distinction between actions at law and those in equity seems to have given way to the controlling principle as to whether the matter comes within the specialized province of the Surrogate’s Court, although no case has been cited where there was no proceeding pending in the *108 Surrogate’s Court where the circumstances would indicate “ consolidation ” rather than “ transfer ” only. (See Matter of Baker, 74 N. Y. S. 2d 8; Matter of Katz, 192 Misc. 537; Matter of Pollak, 183 Misc. 671; Matter of Hall, 183 Misc. 672.)
It should be noted that there is not pending in the Surrogate’s Court, any proceeding to sell realty or in which partition of the property in question would be required (cf. Matter of Maslanka, 286 App. Div. 871). Nor is this a proceeding aimed at a severance and transfer to this court of those causes of action in the Supreme Court action which would be determined in the pending proceedings here (cf. Matter of Hall, 183 Misc. 672, supra).
Matter of Maslanka (286 App. Div. 871, supra) does not support the petitioner. There the court said: “ On July 23,, 1952, decedent died, leaving cash and three parcels of real property. Letters of administration were issued by the Surrogate’s Court, Kings County, on August 1,1952. On November 20, 1953, an action for partition of the three parcels of property was commenced in the Supreme Court by the widow of one of decedent’s children. On September 21, 1954, appellant filed a petition in the Surrogate’s Court for leave to sell the three parcels. * * * Even if the Surrogate had the power to consider the application, it may not be said that the exercise of discretion by the Surrogate in denying the applicant was improvident. The Supreme Court assumed jurisdiction over these three parcels of property in November, 1953, whereas the Surrogate’s Court did not assume such jurisdiction until September, 1954, when the petition for leave to sell was filed ”.
This court has examined the record on appeal in that proceeding and finds the language of the Surrogate’s decision (N. Y. L. J., Feb. 18, 1955, p. 12, col. 7) peculiarly appropriate here: “ In January, 1955, the present motion was made in this court for an order transferring to this court the second cause of action in the partition suit, apparently to merge it with the pending accounting proceeding. Nowhere in the accounting proceeding or in the papers in support of this motion is an actual sale of the real property proposed or a possible sale disclosed. Mere naked permission to sell at some time in the future is sought. Furthermore, there is no showing made that this matter will not be disposed of speedily in the Supreme Court or that no greater delay will be occasioned by transfer to this court or that greater expense to the estate will be avoided by transfer at this stage of the partition action. The circumstances appearing in this record are not such as commend themselves for the exercise of sound discretion in favor of the *109 movant (McGirr v. Keesler, 273 App. Div. 778). The motion is denied in the exercise of discretion.”
The rationale for the amendments to section 190-a of the Civil Practice Act and subdivision 9 of section 40 of the Surrogate’s Court Act discussed in Matter of Pfersich (153 Misc. 609, supra) is also appropriate. The Supreme Court action has been noticed for the March, 1956 Term. The Equity calendar in the Supreme Court is up to date and the matter will be promptly reached for trial. Under the circumstances, the application is denied in the exercise of the court’s discretion. If the movant is fearful that the same matters ‘ ‘ will be litigated twice ”, appropriate relief may be sought to have transferred to this court such causes of action as bear on the accounting proceedings pending or he may take advantage of the suggestion made in the answering affidavit. The action for partition should remain in the Supreme Court.
Settle order on notice.