■ THOMAS L. BRENNAN, Appellant, v. JAMES M. BRENNAN et al., Respondents.— In an action for partition, the appeal is (1) from an order granting a motion to dismiss the complaint on the ground that there is an existing final judgment or decree of the Surrogate's Court, Queens County, rendered on the merits, determining the cause of action (Rules Civ. Prac., rule 107, subd. 4), and on all the proceedings held in said Surrogate's Court, or, in the alternative, to dismiss the complaint on the ground that there is a

matter pending in the Surrogate's Court, Queens County, which court has jurisdiction of the subject matter, involving the same issues, and (2) from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. Both real and personal property were devised and bequeathed by one Ellen M. Brennan in equal undivided shares to her children, the six parties herein. The appellant and the respondent James M. Brennan were appointed and qualified as executors. Respondent James M. Brennan filed a petition in the Surrogate's Court for an order directing the sale of the decedent's real property and for the payment and distribution of the net proceeds thereof to the persons entitled thereto. The petition was joined in by four of the other devisees, who are the other four respondents on this appeal. On July 22, 1958 a decree was signed by the Surrogate granting the petition. The instant action for partition was instituted by the sixth devisee, a coexecutor who had opposed the application in the Surrogate's Court. On July 22, 1958 he filed the summons, the complaint and a *lis pendens*. The first adverse party served was served on July 31, 1958. When the petition in the Surrogate's Court was filed, that court, on the recitals in the petition, had jurisdiction to entertain and grant the application (Surrogate's Ct. Act, § 234, subds. 6, 7). We shall assume that, on the facts as to an informal accounting by the executors and a release by the other four devisees to the executors, which were presented by appellant's motion to dismiss the petition and on his motion for reargument and which had not been referred to in the petition, said court had no jurisdiction to entertain and grant the application under subdivision 6 of the statute. Nevertheless, the court then had jurisdiction to entertain the application under subdivision 7 of the statute, although the discretion of the Surrogate would have been subject to review on appeal (3 Warren's Heaton, Surrogates' Courts [6th ed.], § 259). The appellant made a motion in the Surrogate's Court for rehearing on facts showing an oral agreement among the six devisees, prior to the probate of the will, pursuant to which agreement the six agreed that the executors would have no power to sell the real property and that the only remedy, if the six disagreed on a sale, would be an action for partition. Prior to the signing of the decree, the Surrogate denied the motion for a rehearing on the ground that the appellant had knowledge of the facts he relied on as the basis of the motion for a rehearing prior to the commencement of the proceeding. The propriety of the exercise of discretion by the Surrogate's Court in directing a sale, despite the facts presented to it on the motion for a rehearing, is not before us for determination. But the Surrogate's Court had jurisdiction to entertain the petition on the merits, and all the facts relied on by appellant as precluding a sale pursuant to a decree of the Surrogate's Court were before that court prior to the signing of the decree. All the facts as to the alleged fraudulent omissions or statements in the petition were presented to the Surrogate's Court prior to the signing of the decree, despite the fact that the motion for a rehearing was denied. The decree was conclusive on the question of jurisdiction until reversed, revoked or vacated (cf. *Lapiedra* v. *American Sur. Co.*, 247 N. Y. 25, 30). Since the jurisdiction of the Surrogate's Court was invoked and exercised prior to the commencement of the instant action, the complaint was properly dismissed. (Surrogate's Ct. Act, §§ 43, 80; see. e.g., *McGirr* v. *Keesler*, 273 App. Div. 778; *Matter of Bausch*, 270 App. Div. 418; cf. *Matter of Maslanka*, 286 App. Div. 871; *Maslanka* v. *Maslanka*, 286 App. Div. 874). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.