Benjamin Brenner, J.
This is a partition action in which defendants move, pursuant to subdivisions 2 and 3 of rule 107 of the Buies of Civil Practice, to dismiss the complaint on the grounds that the plaintiffs have no legal capacity to sue and that there is another action pending between the same parties for the same cause.
The issue of legal capacity to sue presented here may be determined in construction of paragraphs “third” and ‘ ‘ tenth ’ ’ of the will, the basis for the action in partition. Paragraph “third” of the will devises two parts of the remainder of the estate to the defendant Lipson and one part each to the plaintiffs. Subdivision 7 of paragraph “ tenth ” provides that the executors may sell property, and reads as follows: “ 7) to sell or exchange any property (except any specifically bequeathed herein) at public or private sale at such price for cash or upon credit or partly for cash and partly upon credit, and generally upon such terms as my executors may deem proper and to make and deliver any and all instruments in writing necessary or convenient for any such purpose or purposes;”.
Defendants contend that the above-quoted power to sell is tantamount to a devise to the executors with a direction for sale and that under the circumstances an equitable conversion of the real estate into personal property occurred barring a partition action. The facts contained in the authority cited by defendants are clearly distinguishable from the situation presented herein. The underlying principle of equitable conversion *858 hinges upon the language and the expressions used by the testator in the direction of sale of the real estate. In the absence of an imperative direction to sell, there can be no equitable conversion (Matter of Good, 304 N. Y. 110). As stated in White v. Howard (46 N. Y. 144, 162): “ To constitute a conversion of real estate into personal, in the absence of an actual sale, it must be made the duty of and obligatory upon the trustees to sell it in any event. Such conversion rests upon the principle, that equity considers that as done which ought to have been done. A mere discretionary power of selling produces no such result.”
The power of sale under the “ tenth ” paragraph of the will is discretionary by its terms and does not affect an equitable conversion. A mere discretionary power of sale in the executors for purposes of distribution, even though connected with the right to receive rents, does not vest in them title to the real estate (Cooke v. Platt, 98 N. Y. 35; Chamberlain v. Taylor, 105 N. Y. 185; Deegan v. Deegan, 247 App. Div. 340). Of course, the power of sale given by the will to the executors could be made effectual only by its valid exercise but it is clear this has never been effected. Under the circumstances, the plaintiffs have legal capacity and are proper parties to institute action.
As to the second phase of defendants’ motion, it is my view that the institution of the probate proceeding prior to the institution of the partition action does not bar the present action.
While it is the general rule that where two courts have concurrent jurisdiction the first one assuming jurisdiction should retain the action to the exclusion of the other (Matter of Schopperle, 189 Misc. 111; Wade v. Bigham, 178 Misc. 305), it has been held in similar situations, as herein, that until the parties in the Surrogate’s Court invoke the exercise of the discretion of such court to sell the real property, the plaintiffs in a partition action have the right to proceed therein (McGirr v. Keesler, 273 App. Div. 778). The assumption of jurisdiction by the Surrogate’s Court in matters of this nature is not the issuance of letters of administration or testamentary, but rather upon application to such court to sell the real property and leave granted (Matter of Maslanka, 286 App. Div. 871; Maslanka v. Maslanka, 286 App. Div. 874; Brennan v. Brennan, 8 A D 2d 621). Moreover, the pendency of this action does not preclude or prevent the executors from proceeding with such an application for the sale of the property in the Surrogate’s Court under their discretionary power of sale (McGirr v. Keesler, supra).
The motion is accordingly denied. Submit order.