Mario Pittoni, J.
The defendants move under subdivision 3 of rule 107 and rule 212 of the Rules of Civil Practice to dismiss this action on the grounds (a) that there is another action pending with the same parties and same issues involved, and (b) that this court should decline jurisdiction.
The defendants contend that the matters involved in this action are already the subject of proceedings in the Surrogate’s Court of Nassau County where all such matters can be fully resolved. The gravamen of the complaint in this action is that George E. Pettit did not owe the William S. Pettit estate any moneys when he executed the assignments in question, and that the assignments were obtained solely by improper coercion and duress. Both sides to this action have raised these issues in *657 the Surrogate proceeding concerning the estate of William S. Pettit.
The real issue between plaintiffs and defendants herein is whether the claims the defendants have asserted in the Surrogate’s Court against plaintiffs’ testator, George E. Pettit, are valid. If they are, they must first either be satisfied or be automatically applied in reduction of any interest in the estate of William S. Pettit belonging to George E. Pettit, regardless of whether he has validly assigned that interest. (Matter of Ryan, 178 Misc. 1029, affd. 267 App. Div. 974, revd. on other grounds 294 N. Y. 85.)
The Court of Appeals did not decide otherwise in Matter of Ryan as suggested by plaintiffs. It recognized with approval the rule that any charges against an executor or trustee of an estate must be offset against any interest accruing to him from that estate, but decided that the evidence did not support the charges levied against the trustee in that case. Since the charges were found to be unjustified, there was nothing to offset.
Similarly, in the case at bar the first and most basic question is whether the estate of William S. Pettit has valid charges or claims against George E. Pettit, one of its former executors and trustees. The determination of this question is obviously within the specialized jurisdiction of the Surrogate and should be handled by him. The validity of these assignments cannot be determined solely by reference to the medical history of George E. Pettit, as plaintiffs suggest. To prove the validity of these assignments and to explain their execution, defendants would here have to present the same evidence which will be offered to the Surrogate in support of the claims and charges there asserted against George E. Pettit. The complaint must, therefore, be dismissed under subdivision 3 of rule 107 of the Buies of Civil Practice.
We now come to the second ground. By this action, plaintiffs . are thus seeking to force two estates to litigate similar issues in two courts with the attendant expense of pretrial proceedings and other duplication of preparatory effort. Furthermore, by their objections in the Surrogate proceeding, plaintiffs herein seek to have both the claims against George E. Pettit and his assignment declared invalid by the Surrogate. Each person sought to be made a party to this action has appeared in the Surrogate proceeding. The Surrogate thus has competent jurisdiction to afford plaintiffs all the relief sought by this action and finally to dispose of all the issues raised by the complaint in this action. It follows that the Supreme Court should refuse to entertain jurisdiction of this matter where the Surrogate’s *658 Court has complete power to safeguard the interests of the parties. (Reilly v. Wygant, 11 A D 647 [1st Dept.]; Noll v. Ruprecht, 256 App. Div. 926 [2d Dept.].) The complaint should also be dismissed under rule 212 of the Rules of Civil Practice. Motion is granted. Complaint is dismissed.