S. Samuel Di Falco, S.
This is an application by the executors to obtain the consent of the court to the transfer of an action, now pending in the Supreme Court, instituted by the committee of the incompetent daughter of the decedent, against the executors for $5,000,000 in damages for the alleged breach by the testator of an agreement to provide for the plaintiff’s ward in accordance with the terms of a third-party beneficiary contract. The application is opposed by the committee upon the ground that there is no proceeding pending in this court which is said to be an essential condition to transfer. There is in fact a motion by the committee to compel the executor to pay for a transcript of the record to be used by the committee on her appeal from the decree admitting the will to probate. That appeal is now pending in the Appellate Division.
There are a number of conflicting and ambiguous statutory and constitutional directives concerning the transfer of actions from the Supreme Court to the Surrogate’s Court. Two sections of the SCPA (209, subd. 3; 501, subd. 1, par. [b]) almost identical in text, make reference to the requirement that this court’s consent be obtained in advance of the application to the Supreme Court for an order of transfer. New York County Surrogate’s Court Rule XXI provides that there be a proceeding pending in this court in order for such consent to issue. CPLR 325 (subd. [d]) makes specific reference to the fact that this court’s consent to the transfer of the action must be granted before the Supreme Court may make its order directing such transfer.
Coming now to the Constitution, article VI (§ 19, subd. a) makes no reference either to the existence of litigation in this court or the grant of this court’s consent as conditions precedent to the transfer by the Supreme Court of any action pending in that court. That section of the Constitution in fact provides that the Supreme Court has jurisdiction to withdraw from any other court any proceeding pending therein or to transfer to any other court any action in the Supreme Court. Inasmuch as the constitutional mandate prevails over any statutory authority (People v. Allen, 301 N. Y. 287), this application for an order of transfer could have been made to the Supreme Court in the first instance. Accordingly, the objections by the respondent to the *1052 grant of consent are academic, for in light of the constitutional directive it is this court’s duty to accept the transfer if it so be ordered by the Supreme Court. However, to the end that an expression of the Surrogate’s consent may facilitate matters it is freely given and the motion is, accordingly, granted.