Samuel J. Silverman, S.
In this proceeding under SCPA 2110 brought by a residuary legatee to fix compensation of ‘ ‘ an attorney for services rendered to a fiduciary ’ ’, the executors and the ‘ ‘ attorney ’ ’ move to dismiss the proceeding on the ground that the court is without jurisdiction of the subject matter. The basic ground of the motion is that the person whose compensation is sought to be fixed is not a lawyer but a certified public accountant.
The decedent died in 1962. The executors prepared the Federal estate tax return and handled the estate tax proceeding through audit. On August 15, 1967, the District Director of Internal Revenue served notice of a deficiency of taxes in the amount of $2,428,164. This ‘1 90 day letter ’ ’ required a petition for review to be filed in the United States Tax Court within 90 days.
At this point the executors retained Mr. Milton Bernard, a certified public accountant, to represent the estate ‘ ‘ for the Internal Revenue Service and the Tax Court of the United States.” The agreement of retainer dated October 4, 1967 says that ‘1 for your services and the services of your staff, you are to receive ” $25,000 and another $25,000 in six months, nonrefundable, and that the maximum fee would not exceed $150,000. Pursuant to this retainer, Mr. Bernard or his staff filed,the appropriate petition in the Tax Court and conducted negotiations with *731 the Internal Revenue Service which resulted in complete success for the taxpayer by agreed withdrawal of the asserted deficiency. Thereupon, the executors paid Mr. Bernard additional sums bringing the total compensation paid to $150,000. It is this compensation whose reasonableness petitioners here seek to review, claiming it to be excessive.
The Internal Revenue Service had disallowed a deduction for certain charitable remainders in the sum of $2,515,697. The dis-allowance of this deduction accounted for virtually all of the asserted deficiency and was the principal item involved in connection with Mr. Bernard’s services.
In the performance of those services, Mr. Bernard and his staff conferred with the Internal Revenue Bureau and submitted at least one memorandum.
It is clear that the services rendered by Mr. Bernard and his staff were essentially legal in their nature rather than accounting. The memorandum submitted by Mr. Bernard discusses no accounting question and refers to no authorities on the subject of accounting. It discusses exclusively questions of law and cites only legal authorities, statutes, cases, text books on the law of trusts, etc. The questions it discusses relate to the proper interpretation of the decedent’s will, the requirement of the laws of New York for the protection of charitable remainders by a depletion reserve in the case of wasting assets, the fiduciary obligations of trustees under the laws of New York, the duty of the Attorney-General of the State to enforce those obligations particularly to protect the charitable corpus, the lack of authority in the trustees to invade principal, and the consequent qualification of these remainders as deductions under Federal tax law. The memorandum is signed by four names, Mr. Bernard, his two associates, and a member of a New York law firm. All but Mr. Bernard designate themselves as “ counsel for petitioners.”
Mr. Bernard and his two associates are all admitted to practice before the Internal Revenue Service. His two associates, one a certified public accountant and the other a lawyer, are also admitted to practice before the United States Tax Court.
In these circumstances, I think this court does have subject matter jurisdiction of this proceeding.
In Matter of Matheson (265 N. Y. 81) executors through their New York attorneys had retained a Washington attorney to render certain services before the “ Tax Unit.” The Court of Appeals held that the Surrogate’s Court had subject matter jurisdiction under section 231-a of the Surrogate’s Court Act, the predecessor of the present SCPA 2110, to adjudicate the reason *732 ableness of the Washington attorney’s fee notwithstanding the fact that the Washington attorney was not a member of the New York Bar.
The present case seems to me to be indistinguishable from the Matheson case. True the attorney involved in the Matheson case was a lawyer but he was not a member of the New York Bar. So far as New York was concerned, he was a layman, just as Mr. Bernard is not a member of the New York Bar and is thus legally a layman. But like the respondent in the Matheson case, Mr. Bernard and his associates were admitted to practice before the tribunal in which the legal services were rendered, the Internal Revenue Service. They were members of what has been referred to as the “ Treasury bar.” (Rembar, The Practice of Taxes, 54 Col. L. Rev. 338, 348 [1954].) The Matheson case, I think, settles the proposition that this court has .subject matter jurisdiction in a proceeding under SCPA 2110 to determine the reasonableness of the compensation, payable out of a decedent’s estate, of a nonmember of the New York Bar who renders legal services before a tribunal in which he is admitted to practice.
The subject matter jurisdiction of this court is strengthened by considerations of the policy of this State concentrating jurisdiction as to decedents’ estates in the Surrogate’s Court. SCPA 201 (subd. 3), grants to this court “ full and complete general jurisdiction in law and in equity to administer justice in all matters relating to the affairs of decedents,” and of course the reasonableness of administration expenses is traditionally a matter relating to the affairs of decedents.
In Matter of Raymond v. Davis (248 N. Y. 67, 72) Chief Judge Caudozo said: “ ‘ Concentration of jurisdiction as to decedents’ estates’ * * * is the purpose clearly revealed in the statutory scheme. ’ ’ More recently, Surrogate Bennett said: u In this court’s opinion, all but one obstacle to full and complete jurisdiction was removed by the State Constitution and the statutes recently adopted, so that Surrogates’ Courts in New York may now hear and determine any and all controversies relating to the affairs of decedents. The one area expressly reserved is inter vivos trusts ” (Matter of MacElroy, 58 Misc 2d 93, 96). Specifically with respect to section 231-a of the Surrogate’s Court Act, the predecessor of SCPA 2110, the Court of Appeals said in the Matheson case (265 N. Y. 81, 85): “ It has been commonly understood that the present extended general jurisdiction of the Surrogate’s Court (See Surrogate’s Court Act, § 40) had back of it a purpose to make possible a unification in the Surrogate’s Court of all proceedings relating to decedents’ estates. While section 231-a is in part declaratory of *733 existing law, it materially broadens that law and its enactment may fairly lie presumed to have been dictated by the general purpose above referred to.”
Respondents suggest that this matter is more properly a matter for an accounting proceeding rather than for a separate proceeding under SCPA 2110. I think SCPA 202 makes clear that jurisdiction of the Surrogate’s Court does not depend on the form of the particular proceeding. But in any event the point is, I think, now academic. After the institution of the proceeding under SCPA 2110, the executors did institute an accounting proceeding which is now pending before this court. The two proceedings obviously involve at least one important common question of fact — the fair value of the services to the estate. In the interest of reducing unnecessary cost and delay, and in the exercise of the court’s powers under SCPA 501 (subd. 2), the court on its own initiative now orders that the present proceeding under SCPA 2110 and the accounting proceeding be consolidated, under the common caption of the accounting-proceeding.
The motions to dismiss the proceeding under SCPA 2110 for lack of subject matter jurisdiction are consolidated and denied. The SCPA 2110 proceeding- is consolidated with the pending-accounting proceeding.