Felice K. Shea, J..
In this action for accounting services *716 brought in Civil Court for the sum of $1,587.50, defendant moves for an order pursuant to CPLR 325 (subd [e]) transferring the matter to the Surrogate’s Court on the ground that the action affects the administration of a decedent’s estate.
CPLR 325 (subd [e]) provides, in pertinent part: "Where an action pending in the supreme court affects the administration of a decedent’s estate which is within the jurisdiction of the surrogate’s court, the supreme court, upon motion, may remove the action to such surrogate’s court upon the prior order of the surrogate’s court.”[1]
Plaintiff errs in urging that CPLR 325 (subd [e]) applies only to the Supreme Court and that the Civil Court lacks power to order transfer of this action to the Surrogate’s Court. Section 2102 of the New York City Civil Court Act states: "The CPLR and other provisions of law relating to practice and procedure in the supreme court, notwithstanding reference by name or classification therein to any other court, shall apply in this court as far as the same can be made applicable and are not in conflict with this act.” The application of CPLR 325 (subd [e]) is not barred by unsusceptibility nor by conflict with New York City Civil Court Act.
It should also be noted that article VI (§ 19, subd f) of the New York State Constitution mandates that "The courts for the city of New York * * * shall transfer to the supreme court or the surrogate’s court or the family court any action or proceeding which has not been transferred to them from any of said courts and over which the said courts for the city of New York have no jurisdiction.”[2] This court, then, must transfer a proceeding to the proper court if it lacks subject matter jurisdiction. (See, e.g., Kaminsky v Connolly, 73 Misc 2d 789.)
No provision in the Surrogate’s Court Procedure Act gives exclusive jurisdiction to the Surrogate over an action for services rendered to an estate. Therefore, this court concludes that the matter is one over which the Civil Court and the *717 Surrogate’s Court have concurrent jurisdiction and which this Court "may remove” to the Surrogate’s Court pursuant to CPLR 325 (subd [e]). The question to be decided is whether justice is better served by transferring this matter to the Surrogate’s Court or by retaining jurisdiction in the Civil Court.
CPLR 325 (subd [e]) was designed to promote the expeditious settlement of estates by concentrating in the Surrogate’s Court matters affecting substántial or basic aspects of the administration of an estate.[3] (Matter of Shearn, 16 Misc 2d 238; Matter of Hutchinson, 3 Misc 2d 103; Matter of Pfersich, 153 Misc 609.) It was intended to prevent fragmentation and to avoid a multiplicity of similar suits. Free transfer from the Supreme Court to Surrogate’s Court was also aimed at improving judicial administration by permitting more effective calendar control. (See discussion in 1 Weinstein-Korn-Miller, NY Civ Prac, par 325.23.)
Not every action to which an estate is a party should be transferred to the Surrogate’s Court. "The Surrogate’s Court would be overwhelmed if all decedents’ tort and contract choses in action were forced upon the court. If bits and pieces of estates in the forms of such choses in action were automatically cognizable whenever decedent’s fiduciaries chose to resort to this court, it could not function.” (Matter of Young, 80 Misc 2d 937, 941.) Nor may a court, when considering transfer, ignore the reality that delay and paperwork are inevitably entailed in the transfer process; a countervailing benefit and reason for transfer must exist.
Turning now to the case before this court, we conclude that the Surrogate’s Court, with its expertise and specialized facilities, is the more appropriate forum for adjudication of this claim.
In this action, defendant is sued as executrix for accounting services rendered to the estate of Walter Ephron. The decedent died December 14, 1972 and Lee Sable qualified as executrix on March 6, 1973. The Surrogate’s Court in New York County has jurisdiction over the estate.
Although plaintiff is suing upon a written agreement, it would appear that the executrix may not bind the estate to *718 pay a sum certain for accounting services. Attorneys’ fees which are to be a charge upon an estate are fixed by and subject to the approval of the Surrogate. (SCPA 2110; Matter of Freeman, 40 AD2d 397, affd 34 NY2d 1; Matter of Schneider, 116 NYS2d 30.) Plaintiffs claim, if sustained, will also be an estate obligation, subject to court approval. (See Matter of Stern, 62 Misc 2d 730, where the Surrogate reviewed the reasonableness of charges made by a certified public accountant; see, also, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 2110, 1975-1976 Pocket Part, p 51; but, cf., Matter of Kottle, 13 Misc 2d 970.)
The court’s duty to ensure that the expenses of administration are kept within reasonable bounds extends to examining into the necessity for the employment of accountants, as well as the need for and the value of the services claimed to have been rendered. (Matter of Freudmann, 23 Misc 2d 763.) The size of the estate and the claims of other creditors are relevant to such a determination. The court may also consider whether the accounting services performed ought to be paid for by the attorneys for the estate and included in their claim for services rendered. (Matter of Kramer, 70 NYS2d 239; Matter of Bloomingdale, 172 Misc 218.) The information necessary to make informed judgments in the above matters is readily available to the Surrogate. The Civil Court lacks both knowledge of the estate and expertise.
An additional consideration in the action at bar is that a companion case, involving a claim for attorneys’ fees against the same estate, has been ordered transferred from Supreme Court to Surrogate’s Court. (Surowitz & Ruskin, P.C. v Sable, NYLJ, Feb 23, 1976, p 8, col 1.) Defendant alleges that the attorneys Surowitz and Ruskin, P.C., arranged for defendant to retain the plaintiff herein; that the law firm of Surowitz and Ruskin, P.C., and the accounting firm of Ruskin and Lippman, P.C., share office space; and that Milton Ruskin is a partner in both firms. It is defendant’s contention that services allegedly rendered by plaintiffs should have been performed by the attorneys for the estate. Under the circumstances, these two claims should be' heard together by the sáme court.
No considerations of calendar congestion militate against transfer. While it is true that the Civil Court is an up-to-date court and can try this case immediately, it is true also that *719 the Surrogate’s Court in New York County has up-to-date calendars and can reach this case promptly. This action was commenced less than five months ago and has proceeded expeditiously toward trial. The slight delay incident to transfer will not prejudice plaintiff. On the contrary, transfer should result ultimately in speedier disposition.
For all the reasons stated, defendant’s motion is granted. Jurisdiction is declined and this matter is hereby ordered transferred to the Surrogate’s Court, New York County.

. The requirement for a prior order of the Surrogate’s Court as a condition to removal from the Supreme Court has been superseded by article VI (§ 19, subd a) of the New York State Constitution. (Garland v Raunheim, 29 App Div 2d 383; Morse v Penzimer, 58 Misc 2d 156; Matter of Meister, 55 Misc 2d 1050; but, cf., Matter of Suchoff, 55 Misc 2d 284.)

. Article VI (§ 19, subd f) has been said to be "a self-executing grant of constitutional power * * * not dependent upon any legislative enactment for implementation.” (Frankel Assoc. v Dun & Bradstreet, 45 Misc 2d 607, 610.)

. CPLR 325 (subd [e]) "makes no change from the practice under CPA § 190-a”, its predecessor. (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 325:5, p 445.)