OPINION OF THE COURT
Raymond E. Marinelli, S.
Charles Freihofer died a testate resident of Albany County on January 11, 1981, survived by his spouse, Phoebe Freihofer, and two sons, Andrew and Stephen Freihofer. By the terms of the decedent’s last will and testament, duly admitted to probate on January 21, 1981, the entire estate passed to his wife, Phoebe.
However, under renunciation filed in this court on March 4, 1981 by Phoebe Freihofer, a portion of the decedent’s estate made up of properties affiliated with the Charles Freihofer Baking Company, Inc. passed into testamentary trusts for the benefit of the decedent’s two sons, Andrew and Stephen Freihofer.
Pursuant to the terms of the last will and testament, Alan E. Steiner, Charles C. Freihofer III and Phoebe B. Freihofer, the widow, were appointed executors on January 21, 1981; letters of trusteeship for the benefit of Andrew and Stephen were issued to Alan Steiner, the sole trustee, on April 3, 1981.
An examination of the court records in this estate reveals that a New York estate tax proceeding was filed and an order fixing taxes entered on November 14, 1983. The record further indicates that the gross New York estate was valued at $1,405,201.65. There are no receipts or releases in the file, no accounting has been made to the court, and a report filed on March 25, 1983, pursuant to 22 NYCRR former 1940.15, executed solely by coexecutor/attorney Alan E. Steiner, shows that at the time the fiduciaries were still holding at least $417,446 in estate assets.
*262 On August 30, 1996, Andrew G. Freihofer filed a petition with this court seeking an order to compel Alan E. Steiner, as trustee of the testamentary trust of Charles F. Freihofer, to account. Citation was issued returnable on September 10, 1996, at which time the respondent executor filed an answer seeking dismissal of the within petition to compel accounting. Thereafter, respondent brought on a motion to dismiss the within petition and in the alternative for summary judgment based upon the following arguments: (1) release of claim, (2) documentary evidence, and (3) there is another action pending between the same parties for the same cause of action and relief in the Supreme Court in the State of New York. In support of the motion, an affidavit of Alan E. Steiner has been submitted, together with a memorandum of law.
In response to the motion, petitioner has submitted an affidavit and memorandum of law. It is this motion to dismiss and the underlying petition to compel an accounting which the court now addresses.
Movant has asserted as a basis for dismissal and/or summary judgment the existence of a release of claim and a receipt, release and waiver signed by the trust beneficiary and petitioner herein, Andrew Freihofer. It is significant that the original release, receipt and waiver was never filed with the court, and has yet to be submitted for filing, even though its existence is being relied on in the within motion. Further, it is noted that the photocopy of the release submitted is not in a form acceptable for filing in the Surrogate’s Court, and fails to recite the actual consideration received. The petitioner has stated in his affidavit in response to the motion that at the time the purported release was signed discharging attorney-trustee Steiner, Mr. Steiner was representing the petitioner, and had, in fact, drafted an inter vivos trust agreement into which the testamentary trust assets would pour over, Andrew Freihofer being the grantor, and Alan Steiner, attorney-draftsman, being the sole trustee. It is further alleged, and uncontroverted by the movant, that the testamentary trust chiefly contained assets of the Freihofer Baking Company, and that the trustee, who was acting simultaneously as the petitioner’s personal attorney, corporate attorney for Freihofer Baking, trustee and executor under several trusts and wills of Freihofer family members, particularly the Charles Freihofer testamentary trust FBO Andrew Freihofer, and, unbeknown at the time to the petitioner, a member of the Board of Directors of Freihofer Baking, had a personal interest in the assets held *263 by the testamentary trust that may have been in conflict with the trust beneficiary’s best interest.
The failure of the trustee-attorney Alan Steiner to fully disclose the many and potentially conflicting roles he played in the sale of Freihofer Baking, the stock of which constituted the testamentary trust assets now in question, voids any receipt release and waiver he may have obtained from his beneficiary, particularly since he sought his own discharge from liability to that beneficiary while at the same time representing that beneficiary individually.
This court again looks at the dicta of Matter of Stalbe (130 Misc 2d 725 [Sur Ct, Queens County 1985]), holding an attorney-fiduciary to a higher standard than a lay fiduciary. Further, Mr. Steiner’s legal representation of Andrew Freihofer individually as sole residuary beneficiary of a trust of which Mr. Steiner was sole trustee is an apparent violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20 [a]), which prohibits a lawyer, except with the client’s consent after full disclosure, to accept employment if the exercise of his professional judgment on behalf of the client will or may reasonably be affected by the lawyer’s own financial or personal interests. (See, Chang v Chang, 190 AD2d 311, 317.)
There can be no more an egregious example of an attorney’s judgment being affected than by his seeking discharge of financial liability as a fiduciary from his own client.
The attorney-fiduciary has a duty to provide full disclosure of his stewardship to the beneficiary. Here, the attorney-trustee, who also represented the sole beneficiary individually, has chosen to use none of the mechanisms under SCPA article 22 to disclose, render or settle his accounts. This, despite the fact that he had knowledge of a disgruntled beneficiary, acted simultaneously as that beneficiary’s legal counsel, knew the large monetary value of the trust assets and the controversial nature in which they were liquidated, and was aware of his professional duty to discharge himself as against the beneficiary. Under the circumstances, the court finds as a matter of law that no valid release and discharge has taken place, and the movant cannot now rely upon either documentary evidence or release to avoid judicial settlement of his accounts as trustee.
Lastly, movant’s request to dismiss the within proceeding based upon the existence of a similar pending proceeding in Supreme Court is dismissed. Movant has provided no proof of *264 identity of issues, and there is a strong statutory and case law tradition of resolving questions regarding decedent’s estates and testamentary trusts within the confines of the Surrogate’s Court. (Matter of Hall, 183 Misc 672 [1944]; In re Estate of Meyrowitz, 137 NYS2d 677 [1954]; Matter of Stortecky v Mazzone, 85 NY2d 518 [1995].)
SCPA 2205 (1) provides that the court may grant an order compelling a formal accounting when it appears to be in the best interest of the estate. It appears from the records submitted that the attorney-trustee may have been paid commissions and/or attorney fees prior to judicial settlement of accounts and without consent of the beneficiary. (See, Matter of Crippen, 32 Misc 2d 1019 [Sur Ct, NY County 1961]; Matter of Ross, 33 Misc 163 [Sur Ct, NY County 1900].) Under authority of these statutes and cases, together with Matter of Stortecky v Mazzone (85 NY2d 518, supra), it appears to be in the best interest of the trust for the trustee to render and judicially settle his accounts as such. The motion is denied in its entirety, and petition granted.