(128 App. Div. 137.)
BEAKES DAIRY CO. v. BERNS et al.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

FRAUDULENT CONVEYANCES—DEPOSIT IN·TRUST.

    Though a deposit in a savings bank by one of his own money in his own name as trustee for another is by itself enough to establish a trust where he then dies, which is not the case as long as he lives, yet this, amounting only to a gift at his death, does not place the money beyond the reach of his creditors.

Appeal from Special Term, Kings County.

Action by the Beakes Dairy Company against William G. Berns and others. From a judgment for defendants, after a trial, plaintiff appeals. Reversed, and new trial granted.

The action is by a creditor of William H. Berns, who died intestate, against his administrator, and his son, the only other creditor of the deceased, and the Dime Savings Bank of Brooklyn, to have certain money deposited in the said savings bank in the name of the deceased in trust for the said son applied to the payment of the said debts of the deceased, the estate being insufficient without the same. The deposit was of $3,000. The deceased kept the bank book, and drew out and used money from time to time during his lifetime.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

E. Walter Beebe, for appellant.
James A. Sheehan, for respondents.

GAYNOR, J. It is now settled in this state that the mere fact of one depositing his own money in his own name in trust for another in a savings bank does not prove a trust, the act being equivocal, i. e., as consistent with some other intention, and therefore not probative of a trust; but that if the depositor happen to die on the way home, or at any time while the deposit account stands, then it is a trust, and a completed gift to the person named as cestui is made out. "When a deposit is made in trust and the depositor dies intestate leaving it undisturbed, in the absence of other evidence the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will." "A deposit by one person of his own money, in his own name, as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration." Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711. It seems that the accident or fact of death turns that which may not have been and could not be found to be the intention of the deceased into his intention. But the gift is completed only at the instant of death. Up to that time the money is that of the depositor to draw out and do with it as he pleases. That being so it must be subject to his creditors during his lifetime, and for the same reason after his death also. One may no more get his money out of reach

of his creditors after his death by depositing it in such a way, not to belong to his cestui until he dies, than he could do so by means of a will giving it to such cestui. His right to the absolute disposition of it during his lifetime makes it his and therefore subject to his creditors. As was said in a recent case:

"As to my creditors, property is mine which becomes mine for the asking, and no words can make an instrument strong enough to hold it for me and keep it from them." Ullman v. Cameron, 186 N. Y. 339, 78 N. E. 1074, 116 Am. St. Rep. 553.

This was said, it is true, of a pretended trust provision for another in a will, but has just as strong an application to a scheme by which one tries to so fix his property that he may have the absolute control and disposition of it up to the time of his death, but keep it away from his creditors. The deceased did not even have to ask anyone; the money was in his own control.

No objection is made to the form or maintainability of the suit. The judgment should be reversed.

Judgment reversed, on question of fact and of law, and new trial granted; costs to abide the event. All concur.