BEAKES DAIRY CO. v. BERNS et al.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. JUDGMENT (§ 640*)—RES JUDICATA.

  The Appellate Division of the Supreme Court will not adjudge that certain property of a deceased should be turned over to his administratrix for the purpose of paying certain debts, where the Surrogate's Court had previously held, by an order still standing unreversed, that such administratrix was not entitled to the property.

  [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1154; Dec. Dig. § 640.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTORS AND ADMINISTRATORS (§ 423*)—ACTION BY CREDITOR—WHAT HE
   MUST ESTABLISH.
      In an action by a creditor against the administratrix of a deceased
   debtor to recover a fund given by the debtor to A. to hold in trust for
   B., during the donor's life, and at his death to become B.'s absolutely,
   for the creditor to maintain his action, he must either rely upon the ad-
   ministratrix's right to the fund for the payment, or upon some special
   property or lien thereon.
      [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. §§ 1660, 1660½; Dec. Dig. § 423.*]

Appeal from Special Term, Kings County.

Action by the Beakes Dairy Company against William G. Berns and
others.   Judgment for defendants, and plaintiff appeals.   Affirmed.

See, also, 128 App. Div. 137, 112 N. Y. Supp. 529.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS,
RICH, and CARR, JJ.

E. Walter Beebe (Herbert S. Brussel, on the brief), for appellant.
James A. Sheehan, for respondents.


THOMAS, J.   William H. Berns died insolvent April 27, 1905.
He was the father of the respondent William G. Berns, and the
debtor of the plaintiff in the sum of $592.78.   Before the indebtedness
accrued, the father deposited $3,000 in each of two savings banks
to the credit of "William H. Berns in trust for William C. G. Berns,"
and agreed with William G. Berns that he (the depositor) should have
the use of the two funds so deposited during his own life, and the
absolute power of disposition thereof for his own benefit during his
own life, and that what remained at his death was to belong absolutely
to William G. Berns.   In his lifetime the father withdrew moneys
from the accounts, and used the same in payment of his own individ-
ual indebtedness, so that at the time of his decease there was on de-
posit with the said Brooklyn Savings Bank to the credit of the afore-
said account upwards of $1,800, and at the same time there was on
deposit with the South Brooklyn Savings Institution to the credit of
the said account upwards of the sum of $300.   Charlotte Berns, the
widow, suffered her son to take the two bank books, and the latter
appropriated the same to his own use.   The plaintiff objected to the
accounting of the administratrix, to which defendant William G.
Berns was a party, that "the administratrix had not charged herself
therein (her account) with all that was realized, or that with reason-
able diligence might have been realized upon the sale of personal
property therein mentioned."   The moneys in question were the
subject of inquiry, and the decree of the surrogate shows with what
she was charged, and does not contain these moneys.

The unreversed decree of the surrogate determined, upon an issue
raised by the plaintiff, that the administratrix was not entitled to the
money, and that she was not bound to use diligence to realize it.
That decree has been pleaded in bar in this action.   Upon a former
appeal in this action this court decided (128 App. Div. 137, 112 N. Y.
Supp. 529) that the trust was void, and that the fund went to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

administratrix. Thus it was decided, at the instance of the plaintiff, that the administratrix was entitled to a fund, although there was a prior valid existing decree of a court of competent jurisdiction upon the same issue, raised by the same complaining party, that she was not entitled to it. A judgment for the plaintiff here would necessarily direct, pursuant to the former decision of this court, that the fund should be paid over to the administratrix for payment of debts, under the direction of a surrogate whose standing decree is that she is not entitled to it for such distribution. It is certain that this court did not intend to create such anomaly, and if its decision would technically have that effect, there should be reconsideration at this time.

The plaintiff must, to maintain the action, rely upon title in the administratrix, or upon some special property in or lien on the fund accruing to it. By what authority does the plaintiff substitute itself as plaintiff? At plaintiff's request the trial justice found that the administratrix after demand had refused to bring this action, that she had taken the position that the moneys formed no part of the estate, that she was of no pecuniary responsibility, had given a nominal bond as administratrix, and that it would be manifestly improper for her to have control of a suit against her stepson. If reference be made to the proceedings in Surrogate's Court, it will be found that this plaintiff similarly accused her, and that the decree negatives the accusation, and in effect decides that it was not her duty to bring the suit, and that she was not entitled to realize the moneys. Defeated in its attempt, the plaintiff betook himself to this court, and attempts to assert a cause of action, upon the ground that the insolvent administratrix of an insolvent estate had been delinquent in herself enforcing it. And all this time the decree of the surrogate stands, solemnly adjudging that she has been dutiful to the creditors, including the one who, at this time, has appropriated her cause of action upon the ground that she has neglected or refused herself to bring the action. The plaintiff, driven to the other position, that it has by its own right a cause of action, is equally unsustained. In its brief it is stated:

"The plaintiff's contention is, and we believe that this court has so held in its decision upon the previous appeal, that the funds in the savings banks were a part of the personal property of the decedent, and liable for his debts."

In such case, has the plaintiff any title to, special property in, or lien on the moneys? I discover nothing to aid either alternative, and the diligence of the plaintiff has discovered nothing.

These views lead to affirmance of the judgment, without reconsideration of the question whether the moneys vested absolutely in the son upon the death of the father, freed from the latter's debts, where appropriation therefor had not been effected during his lifetime. All concur.