In the Matter of the Estate of JOHN BURZA, Also Known as JAN BURZA.

Surrogate's Court, New York County, October 4, 1934.

*Blum & Jolles*, for ancillary administrator of the estate of John Burza, also known as Jan Burza, petitioner.

*Joseph A. Cox*, for public administrator, administrator of estate of John Burza, deceased.

*Quinto J. Porcella*, for Sophie Melnick, as administratrix of estate of Sophie Burza, deceased.

DELEHANTY, S. The ancillary administrator of the above estate seeks an order of this court removing to it an action now pending in the City Court of the City of New York wherein is involved the ownership of the proceeds of a life insurance policy issued upon the life of a son of this decedent. This son also is known as John Burza and for the sake of discriminating between the estates the above-named deceased (the father) will be referred to as Jan Burza.

John Burza, the insured, made his insurance policy payable to his wife, Sophie Burza. The insured and his wife died simultaneously of a gas poisoning. The estate of the insured, John Burza, was administered by the public administrator. The estate of the deceased wife of John Burza is represented by Sophie Melnick, who is plaintiff in the action now pending in the City Court of the City of New York against the life insurance company to recover the proceeds of the policy. In the City Court action there have been

impleaded the public administrator in his capacity as administrator of the estate of John Burza, the insured, and also the ancillary administrator of the estate of the father, Jan Burza, this decedent.

It is obvious that if the beneficiary under the policy did not survive the insured her estate may not recover the proceeds of the policy. It is alleged in the petition that the policy by its terms entitled the father of the insured to the proceeds if they were not payable to the named beneficiary. If the terms of the policy do not expressly provide for a substitutional beneficiary (assuming non-survivorship of the named beneficiary) then the proceeds must go to the estate of the insured which is represented by the public administrator. The presence in the action of the plaintiff representing the estate of the named beneficiary and of the public administrator as administrator of the insured and of this petitioner as the representative of the estate of the father will enable complete determination of the ownership of the policy proceeds.

In this court the estate of the insured has been administered except in so far as it may be entitled to have included in it the proceeds of the policy in question. On the proceedings for settlement of the account of the public administrator in respect of the assets in his hands claim was made by the plaintiff in the City Court action, the administratrix of the deceased wife of the insured, to participation in the estate of the deceased insured on the theory that the wife had survived her husband and thereby had become his distributee. In that accounting proceeding by the public administrator the father of insured asserted his status as sole distributee predicating his claim upon non-survivorship of the wife of the deceased insured. That issue was tried in this court and it was adjudged that there was no proof of survivorship by the wife and accordingly the estate of the father was adjudged to be entitled to the assets of the insured which were in the hands of the public administrator. (*Matter of Burza*, 151 Misc. 577.) If the issue here were solely between the parties to that accounting proceeding the determination of this court would be *res adjudicata* on the subject of ownership. Since the question here presented, however, is one upon a contract of insurance and since there is present here the insurance company which was not a party to the accounting proceeding, the issue of survivorship necessarily remains open for redetermination.

In ultimate effect the determination of the question is in the nature of an inquiry much like a discovery proceeding for the ascertainment and collection of assets. Except for the pendency of the action in the City Court a proceeding could be initiated in this court for the recovery of these funds by petitioner here as

assets of the estate of this deceased. It seems appropriate, therefore, that the inquiry be transferred to this court because if determined here on notice to the representatives of the three estates in question it will finally determine the issues as to each of those estates and thereby facilitate the winding up of each of them. Accordingly the application for transfer is granted. Submit on notice order providing therefor.