Owen McGivern, J.
Motion by plaintiff for summary judgment is granted, and defendants’ cross motion for summary judgment in their favor denied.
*1031 The action was brought to determine whether plaintiff, as legal representative of the estate of Tobias Berntsen, or defendant Birketvedt, as legal representative of the estate of Anna Berntsen, is the owner of a certain certificate, representing an interest in a mutual investment trust established by defendant Corporate Leaders of America, Inc., pursuant to a trust indenture, whereunder defendant Empire Trust Company is trustee.
In 1954 the deceased, Tobias Berntsen, purchased a certificate representing certain shares in the fund. The certificate was issued by Corporate Leaders and countersigned by Empire Trust Company as trustee. The mutual fund here concerned was not established as a separate corporation, which sold shares to the public, but as a trust, under the indenture above noted. Each holder of a certificate is called an ‘ ‘ Investor ’ ’ who, by virtue of his ownership of the certificate, owns a proportionate share in the assets (stock), which are retained by the trustee under the agreement. The trust agreement provides that each investor may, in his application for a certificate, or thereafter, file with the trustee a written designation of any one person as the person who, in the event of the investor dying, shall be entitled to all the right and title of the investor to and under the certificate. This designation is revocable.
Decedent named as his “ beneficiary ” thereunder his mother, Anna Berntsen, who died October 9, 1956. Decedent did not revoke or change the designation prior to his death, four years later on September 27, 1960. He continued paying in amounts to the fund in accordance with his agreement of purchase of the certificate, even after the death of his mother until shortly before his death.
The instant dispute is between representatives of the mother’s estate, and the deceased’s estate. The latter claim that by virtue of the mother predeceasing the deceased investor, any interest she might have had in the certificate terminated, and, therefore, the deceased’s interest in the certificate devolved to his estate. Defendants contend that upon the deceased’s designation of his mother in the application, a revocable inter vivos trust was created and the mother became beneficiary of a remainder interest in the fund, which interest, upon the mother’s death devolved to her estate. They further contend that the designation should not be denied effect because of a failure to comply with the Statute of Wills (citing Van Cott v. Prentice, 104 N. Y. 45). In the alternative, it is argued, even if an immediately vested trust remainder was not created by the designation, the mother became, at that time, a third-party beneficiary of the *1032 contract between the deceased and the trustee and, therefore, her representatives are entitled to enforce this contract on her behalf (citing Hall v. Mutual Life Ins. Co., 282 App. Div. 203, affd. 306 N. Y. 909).
The designation referred to Anna Berntsen not Anna Berntsen and her heirs, assigns, or estate (cf. Pool v. New England Mut. Life Ins. Co., 123 App. Div. 885). The deceased investor had the right to terminate the trust (between him and Empire Trust Co.) and receive thereupon his proportionate share of the fund and upon such event Anna Berntsen would have had no supportable claim against these proceeds. The deceased investor had the right, at any time, to revoke the designation, and to terminate the interest of the named beneficiary. He had, further, the right to sell or assign his certificate, and to effect thereby a revocation or nullification of the designation, and thereupon the beneficiary’s interest would be terminated. It is clear that during the investor’s life, he had the complete and unrestrained right to deal with the certificate as he saw fit, without need to notify or obtain the consent of the beneficiary. The designation provided that the investor directed that “ in the event of my death, Mrs. Anna Berntsen * * * shall be entitled to all beneficial interests under such certificate to which, except for such death, I would be entitled * * * provided, however, that during my life, I shall have all rights, titles and interests * * * in, to and under such certificate ”. This designation, considered together with the pertinent provisions of the trust agreement, indicates, clearly, that the deceased’s mother received no present vested interest in or to the fund or the certificate at the time she was named as beneficiary. Her interest was one which would take effect only at the investor’s death, and accordingly was a contingent interest, which failed when she predeceased the investor (see Smith v. National Benefit Soc., 123 N. Y. 85; Matter of Duffy, 127 App. Div. 74; Robb v. Washington & Jefferson Coll., 185 N. Y. 485). The same result would follow if the contract argument were adopted (see McCarthy v. Pieret, 281 N. Y. 407). It is also clear that the mother’s interest may not be classified as a remainder.
Those cases which uphold designations of beneficiaries named in life insurance situations do not assist defendants. They simply hold that although under •some circumstances a named beneficiary may acquire a present interest at the time of the designation, the general rule is that for this right to become vested, the named beneficiary must survive the assured (Matter of Traynor, 155 N. Y. S. 2d 47; Matter of Burza, 153 Misc. 112; Matter of Czarniak, 140 Misc. 754).
*1033 Defendants argue that the thousands of designations on file with their fund should not be upset on a mere 11 formality. ’ ’ This “formality” — failure to comply with the Statute of Wills — has been often challenged, but its change is for the Legislature. In fact, recently, certain relaxations of the requirements were effected in certain areas with respect to insurance and pension funds (see Personal Property Law, § 24-a). No such action, however, was taken with respect to mutual funds. Furthermore, we deal here with a situation where the designated beneficiary failed to survive the investor and such survival was implicit to the acquirement of any rights as a designated beneficiary and there is no merit to the contention that a gift absolute to the heirs of the deceased contingent beneficiary arose because of the failure of the investor to designate a new beneficiary or otherwise specifically indicate his wishes with respect to the disposition of his investment in the event of his death. Much more than a mere “ formality ” is involved.
This case is not analogous to those where a trust is created to take effect immediately with reference to the shares of mutual fund where the trust is established with the purchaser or investor as settlor, another as trustee, and a third party as beneficiary. Here the only trust in existence did not involve the beneficiary, but only the trustee (the bank), the fund management (Corporate Leaders) and the investors. The beneficiaries were not a party thereto, nor could they, during the life of the investor, enforce its terms. They had no existing interest in it, until the investor’s death.