■ In the Matter of the Estate of ABRAHAM HILLOWITZ, Deceased. SELMA WERNICK et al., as Executors of ABRAHAM HILLOWITZ, Deceased, Appellants; MARY HILLOWITZ, Respondent.— In a discovery proceeding pursuant to statute (Surrogate's Ct. Act, § 205), the petitioners-executors appeal from a decree of the Surrogate's Court, Kings County, entered April 2, 1965, which dismissed the petition. Decree reversed on the law, without costs, and proceeding remitted to the Surrogate's Court, Kings County, for further proceedings not inconsistent herewith. No questions of fact have been considered by this court. In 1962 the decedent, with certain other persons, formed an investment club known as Mansfield Investors Co. A partnership agreement was executed and provided, *inter alia*, that "In the event of the death of any partner, his share will be transferred to his wife, with no termination of the partnership." Decedent died on August 5, 1963 and his share in the partnership was paid to his wife. We agree with the executors that the provision of the partnership agreement transferring decedent's share to his wife at his death was an attempted testamentary disposition and invalid (cf. *McCarthy* v. *Pieret*, 281 N. Y. 407; *Salesky* v. *Hat Corp. of America*, 20 A D 2d 114; *Johnson* v. *Corporate Leaders of America*, 41 Misc 2d 1030). The decedent maintained control of his interest in the investment club until his death. All profits and losses were credited and debited to his account. Upon a dissolution and distribution of assets, the decedent would have received his share and respondent would have had no interest. Under the agreement, decedent could have withdrawn from the club on written notice and sold his share. Respondent would have had no interest in the proceeds. The partnership agreement could have been amended by agreement of the partners and the provision relied on eliminated or changed. Respondent would have had no standing to object. In short, she had no present interest in decedent's share. At his death, and only then, was she to receive anything. We think these factors establish an attempted and invalid testamentary disposition. It is true that partners may include in their agreement provisions concerning priorities of distribution, winding up of the partnership affairs, disposition of their interests, or other matters, but those provisions may not violate "prohibitory provisions of the statutes or of rules of the common law relating to partnerships, or considerations of public policy" (*Lanier* v. *Bowdoin*, 282 N. Y. 32, 38). In opposition to the petition, respondent also contended that the funds invested in the partnership were jointly owned by the decedent and her and that she became entitled to the partnership share by right of survivorship. A hearing is required on that issue. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.