John D. Bennett, S.
In this accounting proceeding it appears that the gross taxable estate is over $152,000, made up however of only a little more than $33,000 in testamentary assets and $2,300 in income. The total claims to be paid, plus administration expenses, commissions and taxes, leave a deficit of about $12,000, for which recourse must be had to Totten trusts in the name of the infant daughter (Beakes Dairy Co. v. Berns, 128 App. Div. 137; Matter of Walsh, 23 Misc 2d 873; Matter of Donleavy, 41 Misc 2d 28).
The decedent was an attorney and many of the claims arise because he neglected to segregate clients’ funds. Among the claims were some necessitating litigation and unusual services on the part of the attorney for the executors. A hearing was waived and the court is asked to determine the reasonable compensation to be paid for the legal services. They are hereby fixed in the amount of $6,000, including those that may be required down to and including the decree and implementation thereof.
Although the guardian ad litem has raised no objection thereto, the payment of the legacies cannot be approved in the absence of available funds, for the Totten trust accounts are chargeable with debts and expenses but not with payment of legacies. The executor will accordingly be surcharged the amount of $1,000, plus interest from the date of the respective *625 payments until reimbursed to the estate. The amount due may be deducted, however, from the amount of his commissions.
The executor shall also be accorded an opportunity, if he is so advised, to obtain a refund from the legatees in question, and an .appropriate citation or other process will be issued upon his application in this proceeding which will then be adjourned for that purpose.
There are a number of claimants who have defaulted or neglected to prosecute their claims. All such claims that have been duly rejected are hereby dismissed.
In view of the otherwise insolvent condition of this estate, the lack of information as to details, and the disallowance of interest on similar claims by the executor, in the exercise of its discretion and on the principle that equality is equity, the court will approve payment of the claim of Geraldine Levy in full, but without interest (see CPLR 5001).
The claim of the widow includes interest at the rate of 3% per annum from June 30, 1968. It is not disputed and will be allowed.
There is a question however as to whether the widow is entitled to her exemption under EPTL 5-3.1. The executors’ accounting shows that furniture and personal effects of the decedent were set apart for her, appraised at $1,361. The cases on the subject were carefully reviewed and briefed for the court by the widow’s counsel and by the guardian ad litem. The latter urges that an antenuptial agreement bars the widow from such rights because it stated that she thereby agreed to accept the decedent’s promise to pay her on his death a lump sum “ in full payment, satisfaction and discharge of any and all claim, demand, right, interest or dower of, in and to ” the decedent’s estate “ of which he may be (then) seized or possessed or to which he may at any time (t)hereafter become seized or possessed, or to which he now or may (t) hereafter become entitled ”.
The marital status does not appear to have been .altered, either by agreement or by judicial decree, so that the court assumes that the decedent had the usual obligation to support his wife. Many of the cases that have arisen on this question dealt with waivers contained in separation agreements. The waiver here, of course, was made by agreement between the parties antedating their marriage. If any doubt exists concerning the interpretation of the language used in that agreement the court would be constrained to favor the widow because the law generally favors widows, especially in connection with the .statutes here involved, and also because nothing but a clearly specified con *626 sent, release, waiver or estoppel will defeat the widow’s rights (Matter of Driscoll, 12 Misc 2d 427).
While need for the support of the widow or children is not a factor to be considered, it .seems clear that the legislative motive was to provide some measure of support pending the settlement of the estate of a spouse or parent. The statute accordingly now specifically states that “ The items of property, set off as provided * * * .shall, at least to the extent thereof, be deemed reasonably required for the support ” (EPTL 5-3.1, subd. [c]). It was pointed out in Matter of Burridge (261 N. Y. 225, 228) that a wife may effectually relinquish her right to claim this exemption where she accepts other provisions for her support in lieu of her right. That case, of course, emphasized the marital rights and obligations during the marriage and considered the effect of a separation agreement made during the marriage. A recent decision of Kings County Surrogate Sober in Matter of Mandelbaum (N. Y. L. J., Nov. 12, 1969, p. 17, cols. 4, 5), discussed the effect of a similar antenuptial agreement. It was there held that language similar to the one before this court barred the widow from receiving any intestate share of her husband’s estate but the language was not clearly specific enough to bar her from the exemption provided by the statute for her benefit. The language of the antenuptial agreement considered here is likewise now deemed insufficient to bar the widow from the said exemption, and the decree herein shall accordingly provide that she is entitled to receive the balance of $639 due her, with interest, along with the other moneys due her.
The minor adjustments suggested by the guardian ad litem to be made in Schedule J do not .affect the account. No decision thereon therefore need be made by the court. His request, however, is granted to the extent that .all sums remaining in the Totten trust accounts after the deficiency is made up should be paid to the infant beneficiary thereof.