S. Samuel Di Falco, S.
This proceeding seeks determination of the ownership of an Oppenheimer Fund, Inc. certificate in the face amount of $11,100, presently having a market value of approximately $5,000. In April, 1971 the decedent executed and delivered to the Oppenheimer Fund, Inc. an instrument entitled “ Designation of Beneficiary ”, whereby the decedent designated Ms widow as beneficiary upon his death. TMs controversy is between the executor of the decedent’s estate (a brother) and the widow beneficiary. The executor has possession of the certificate. It is conceded that this is- an insolvent estate. The executor testified that he has assets of $3,410.11 and unpaid funeral, administration expenses and debts of $5,220.80. Passing outside of this estate is an inter vivos trust which has a principal aggregating $250,000 created by the decedent in 1952 wMch continues for the life of the widow.
First, tMs court has subject matter jurisdiction to determine the rights of the parties with respect to this certificate. (SCPA 209, subd. 4; SCPA 202; Matter of Raymond v. Davis, 248 N. Y. 67; Matter of Plotkin, 56 Misc 2d 754, affd. 32 A D 2d 888.)
Next, as to the rights of the parties with respect -to the C^ppenheimer Fund certificate, it is my ruling that this certificate, like a Totten trust savings account, is available to the extent necessary to pay the debts, funeral and administration expenses in an insolvent estate. (Beakes Dairy Co. v. Berns, 128 App. Div. 137; Matter of Aybar, 203 Misc. 372; Matter of Reich, 146 Misc. 616; Matter of Walsh, 23 Misc 2d 873; Matter of Donleavy, 41 Misc 2d 28; Matter of Plotkin, 56 Misc 2d 754, affd.. 32 A D 2d 888, supra.) There was in this case as in Matter of PlotJcin, reservation of the absolute power during his lifetime to revoke the designation of beneficiary. In the PlotJcin case, my learned former colleague Surrogate Silverman was concerned with a mutual fund certificate where there was a desig *438 nated beneficiary. He cited Matter of Granwell (20 N Y 2d 91, 96-97) and said (p. 760):
“ the Court of Appeals, considering the rights of a creditor as against both a revocable inter vivos trust created by the decedent and mutual fund shares held in joint accounts, said that ‘ regardless of whether a person designates those to succeed to his interest in property upon his death, if he reserves the power to dispose of the property during his lifetime, he must be regarded as its absolute owner until he dies.’ (Accord: City Bank Farmers Trust Co. v. Cannon, 291 N. Y. 125, 133 [1943].) ‘ As to my creditors, property is mine which becomes mine for the asking, and no words can make an instrument strong enough to hold it for me and keep it from them.’ (Ullman v. Cameron, 186 N. Y. 339, 346 [1906]. Accord: Beakes Dairy Co. v. Berns, 128 App. Div. 137 [2d Dept., 1908] [Totten Trust].)
*1 Such arrangements do not constitute a transfer of any interest at all during decedent’s lifetime; and it follows from this that during decedent’s lifetime, at least, they do not create a security interest in one creditor as against other creditors.”
What has been said as to preference among creditors has equal force in respect of a beneficiary and a creditor. The Appellate Division affirmed Judge .Silverman unanimously.
The respondent widow cites EPTL 13-3.2 as authority for her right to the fund irrespective of any insolvency because it constitutes a “death benefit” and “system or trust” as set forth in the language of subdivision (a). That statute which re-enacts without substantive change section 24-a of the Personal Property Law, was designed to remove any uncertainty as to the validity of a beneficiary designation under a pension plan, system or trust or a retirement, death benefit, stock bonus or profit sharing plan, system or trust or money payable under life, accident and health insurance contracts. This .section has received very little construction. (See Hall v. Mutual Life Ins. Co. of N. Y., 282 App. Div. 203, affd. 306 N. Y., 909; Johnson v. Corporate Leaders of Amer., 41 Misc 2d 1030.) However, it has no application to á mutual fund certificate, which is not in the category of any of the employee benefit plans, systems or trust or insurance arrangements contemplated by the statute. It makes no difference that the decedent was not insolvent at the time the beneficiary was designated or that the parties do not claim fraud in this case. The facts in the case at bar are that this mutual fund certificate was purchased by the decedent with his funds and that the funds were available to him until the day he died. There is no dis *439 tinction in principle between a Totten trust bank account and this certificate because in both the person making the deposit or purchase remains the absolute owner until the moment of his death and he has full power to revoke or modify the beneficiary designation. An equitable approach to the rights of creditors against the claims of the recipient of gratuitous benefits indicates that the beneficiary of this mutual fund certificate may not acquire the gift beyond the reach of creditors. To the extent necessary, proceeds of this certificate may be used to satisfy claims for funeral, administration expenses and debts of the decedent. In view of the controversy between the parties as to other funds that may be available for the satisfaction of these claims; and disagreement in the pleadings and at the hearing as to the reasonableness of certain funeral and administration expenses, determination of the amount to be borne by the mutual fund proceeds must be deferred for an accounting. Until that time the fiduciary is entitled to possession of the certificate. The decree to be submitted on notice, herein, will direct the filing of the account.