OPINION OF THE COURT
John D. Bennett, S.
This is an accounting proceeding in which the court has been requested to determine whether a certain asset is subject to creditors’ claims. The decedent died intestate in August of 1975 survived by his wife and two children. The account indicates that the estate is insolvent inasmuch as liabilities exceed assets. Two creditors, William F. Jacob and Kathryn Oswald, have made claims against the estate in the amount of $5,000 and $2,500 respectively. It is conceded that these claims could not be paid with the funds on hand. However there is an asset of $35,000 which are the proceeds of a savings and stock investment plan through decedent’s place of business which the two creditors would like to invade for purposes of paying their claims. The question is whether this asset is subject to the claims of creditors.
An examination of the documents indicates that the dece *1028 dent became a participant of a savings and stock investment plan in June of 1966 while employed by Marsh & McLennan, Inc. A participant under this plan agreed to have the company withhold 5% of his paycheck each month. The decedent designated his wife Helen G. Jacob as his beneficiary under the plan. The plan included the following: (1) upon giving 30-days’ written notice to the savings plan committee a participant could withdraw in cash as of the close of a month an amount equal to the lower of the deposits credited to his account or the market value of Marsh & McLennan stock, fixed income obligation fund investments and the net asset value of mutual fund shares purchased with such deposits less all previous withdrawals and distributions from his deposit account; (2) he had the right to make a change from time to time in the designation of one or more beneficiaries; and (3) participation was wholly voluntary.
It is to be noted that this savings and stock investment plan is neither a retirement or pension plan; Marsh & McLennan has a separate pension plan distinct from this for their employees. In Matter of Bleier (75 Misc 2d 436) Surrogate Di Falco permitted creditors in an insolvent estate to invade an Oppenheimer Fund, Inc., certificate held in the decedent’s name with his wife as the beneficiary upon his death. He ruled that the certificate, like a Totten trust savings account, is available to the extent necessary to pay the debts, funeral and administration expenses, in an insolvent estate, citing Matter of Granwell (20 NY2d 91) where the Court of Appeals considered the rights of a creditor as against both a revocable inter vivos trust created by the decedent and mutual fund shares held in joint accounts. There the court stated that "regardless of whether a person designates those to succeed to his. interest in property upon his death, if he reserves the power to dispose of the property during his lifetime, he must be regarded as its absolute owner until he dies” (Matter of Granwell, supra, pp 96-97). Similarly under the decedent’s plan the shares of stock that he was entitled to were purchased with his funds and the rights thereto were available to him until the day he died. He in essence was the absolute owner until his death and had full power to revoke or modify the beneficiary designation. Since participation in this plan was wholly voluntary it would be most inequitable to place this asset beyond the reach of creditors.
Accordingly, the court finds that this asset is subject to the *1029 payment of claims against the decedent’s estate to the extent that the decedent was able to withdraw his interest in such plan. From a review of the documents submitted to the court the distribution form indicates that the total cash value of participant’s deposit account is in excess of $24,000. Therefore to the extent necessary these assets can be invaded for the purpose of the payment of the valid claims of creditors.