OPINION OF THE COURT
Millard L. Midonick, S.
In this proceeding to judicially settle the administrator’s account, the Public Administrator also seeks to have two Totten trust bank accounts set aside as fraudulent conveyances pursuant to EPTL 13.3-6. Named as the beneficiary of these two accounts is an alleged son of decedent. The last names of the alleged son, as found on the accounts, are the same as the two last names used by the decedent. However, there is no evidence to support such a relationship, and, futhermore, the whereabouts of that alleged son is unknown. Consequently, the distributees of decedent are unknown.
*71 With respect to the assets of decedent, the liabilities, funeral and administration expenses and claims of creditors, exceed the assets in the estate by over $980. Since there are assets in two Totten trust accounts totaling $716.98, it is petitioner’s position that continuance of the Totten trusts would be a fraudulent transfer under EPTL 13-3.6, because even with these assets included the estate is insolvent. The guardian ad litem appointed for the unknown distributees does not oppose this relief or the account.
The law is clear that a decedent, who is the owner of property up to the time of his death, as far as creditors are concerned, cannot cut off the creditors’ rights by his death and nontestamentary transfer (Matter of Granwell, 20 NY2d 91, 95). While that case involved a revocable inter vivos trust which was set aside, the Totten trust accounts herein are similar insofar as decedent, up until his death, retained control thereof. Consequently, the decedent’s liabilities resulting from his death cannot be cut off by the attempted transfer.
Application to judicially settle the account and to set aside the Totten trust accounts is granted. Compensation to the guardian ad litem has been waived.