OPINION OF THE COURT
Eve Preminger, S.
In this accounting proceeding, the trustee of decedent’s irrev *304 ocable inter vivos trust seeks advice and direction permitting him to pay one of the debts of decedent’s estate, a debt owing to his surviving wife. The trustee’s claim of authority to pay the debt rests on a provision in the trust agreement that gives him discretionary power to pay estate debts if probate assets are insufficient. The court concludes that payment of the debt would be permissible only to the extent that the trust assets are otherwise reachable by creditors. Because the court further determines that none of the trust’s assets are subject to creditors’ claims, permission to pay the debt is denied.
Decedent Jeffry Gallet died on April 20, 2001 leaving a will that passes his net residuary estate into the irrevocable trust referred to above, created on June 21, 1993. The trust property is to be held for the benefit of his daughter, a 14-year-old child by a previous marriage, with half the property distributable to her at age 25 and the balance at age 30.
The provision at issue is found in article XIII, entitled “Taxes and Expenses,” and reads as follows:
“(A) If the assets of the Settlor’s estate shall be insufficient for the payment of his debts or funeral expenses or the expenses of administering his estate, including commissions and counsel fees, or any taxes, by whatever name called, the Trustees may, in their sole and absolute discretion, pay to the legal representatives of the Settlor’s estate out of the assets of any trust created under this Agreement such amounts as such legal representatives shall certify are needed to satisfy such deficiency. In no event, however, shall the Trustees be obligated to make such payments to the Settlor’s legal representatives. The trustees shall not be required to inquire with regard to the necessity or propriety of such legal representatives’ request, the amount requested or otherwise; and the determination by the Trustees as to the amount or amounts to be paid shall be binding upon all persons having an interest under any trust created under this Agreement. Furthermore, the trustees may, in their sole and absolute discretion make any such payment directly to such legal representatives, to the appropriate taxing authorities or to any other appropriate party.” (Emphasis added.)
Decedent’s debts and administration expenses exceed his probate assets, invoking the cited provision.
Although there is no property remaining to pass into the trust from decedent’s probate estate, the trust was initially *305 funded with life insurance and with the death benefit from a state employees’ retirement plan. The trust was also beneficiary of decedent’s federal thrift savings plan death benefit and an individual retirement account.
The court turns first to the question whether the trustee may properly exercise his authority to pay the executor amounts certified as estate deficiencies. The court finds no reason to invalidate the grant of such authority in circumstances where a creditor could enforce his or her claim against the trust directly. In those cases no harm befalls the trust beneficiary if the trustee remits payment to the executor. Indeed, payment of all claims from one source might facilitate the orderly and efficient administration of the estate.
The situation is different, however, as to trust assets that are protected from the reach of creditors. Exercise of the trustee’s power to pay debts from such assets would run afoul of the trustee’s common-law duty of loyalty to the beneficiary, as articulated in Restatement (Second) of Trusts § 170 (1): “The trustee is under a duty to administer the trust solely in the interest of the beneficiaries.” It is this duty that prohibits a fiduciary, for example, from paying a claim barred by the statute of limitations (Butler v Johnson, 111 NY 204 [1888]; Schutz v Morette, 146 NY 137 [1895]), or from giving trust property away to the detriment of a beneficiary (3 Scott, Trusts § 190.10, at 122-123 [4th ed 1987] [“Ordinarily it is, of course, improper for the trustee to make a gift of trust property”]). A trustee should have no greater freedom to exercise a discretionary power to pay an unenforceable claim.
Judge Cardozo’s opinion in Carrier v Carrier (226 NY 114 [1919]) supports the conclusion that discretionary power in a trustee must yield to fundamental fiduciary obligations: “[The trustee’s] discretion was to be ‘absolute and uncontrolled’ * * * His discretion, however broad, did not relieve him from obedience to the great principles of equity which are the life of every trust.” (226 NY at 125-126.) In the present case, the grant of discretion to the trustee does not authorize him to exercise it to the detriment of the beneficiary, at least in absence of a clear expression by the settlor of an intention to elevate creditors to the status of discretionary beneficiaries.
Determination of decedent’s intent is made by reference to the trust agreement itself. As explained in Matter of Nicol (24 AD2d 191, 197 [1965]), “[fit is the intention which exists at the time of execution which controls, not one thereafter formulated and not expressed in the instrument.” (See, also, City Bank *306 Farmers Trust Co. v Macfadden, 65 NYS2d 395, 397 [1946] [“The intention of the grantor is that intent revealed by the words used in the trust instrument and not his secret wishes, desires or thoughts after the event”].)
The court finds no indication in the trust document that the grantor intended to treat creditors as discretionary beneficiaries on a par with his daughter. As described above, the source of the authority to pay estate debts is a paragraph entitled “Taxes and Expenses.” Its grant of discretion to make the payment extends to a number of estate obligations, “debts” being one in a list that includes funeral expenses, commissions, counsel fees, and taxes. There is no reference to this authority in the prior section of the instrument that sets forth the dis-positive provisions. Finally, article IX, entitled “Trust Administration,” suggests that the beneficiary was the grantor’s primary concern:
“A. In exercising their discretion, if any, to pay or apply income and principal with respect to any trust created under this Agreement, the Settlor directs that: [1] The Trustee [s] be extremely liberal in the exercise of such discretion, preference be given to the care, comfort, support, maintenance, medical attention and education of the person to whom or for whose benefit such payment be made, and all doubts be resolved in such person’s favor.”
The terms of the instrument do not support an inference that the subject debt — which amounts to approximately one third of the trust corpus, and which was not even in existence when the trust was executed — is to be preferred over preservation of the trust for decedent’s daughter.
His wife’s contention that decedent would have wanted the debt paid is an argument the court finds irrelevant. This situation is analogous to the failure of a trustee to pursue a claim, which is beyond doubt a breach of fiduciary duty even where the grantor himself may have followed the same course of inaction. “The trustee is not excused from bringing an action to enforce a claim due to the trust estate merely because the settlor would not have pressed the claim or because of a generous feeling of consideration for the obligor. He cannot be generous to the obligor at the expense of the beneficiaries of the trust.” (2A Scott, Trusts § 177, at 493, supra.)
The extent of the creditors’ reach in this case poses a more difficult question because of the nature of the trust assets, and indeed of the trust itself. There is no doubt that the life insur *307 anee proceeds are protected from creditors of decedent’s estate by virtue of Insurance Law § 3212 (b) which is dispositive. The proliferation of testamentary substitutes, however, has left the law in a state of confusion over the rights of creditors to other assets that do not pass under the will or as part of intestate administration.[1]
The test used by the New York courts for creditors’ access to nonprobate assets is whether the decedent maintained the power to dispose of the asset during his or her lifetime. If the decedent maintained control, the asset may be reachable even though its transfer did not constitute a fraudulent conveyance under article 10 of the Debtor and Creditor Law. The rule was applied in Matter of Granwell (20 NY2d 91 [1967]), where the decedent placed certain mutual funds in joint name with right of survivorship with his wife, and transferred other funds to revocable inter vivos trusts for her benefit. The Court of Appeals held that decedent’s moiety in the jointly held funds and in all of the funds placed in the revocable trust were subject to the claims of his son, as creditor. The same reasoning was applied to Totten trusts in Matter of Chaikowsky (94 Misc 2d 70 [1978]), where the court stated, “The law is clear that a decedent, who is the owner of property up to the time of his death, as far as creditors are concerned, cannot cut off the creditors’ rights by his death and nontestamentary transfer.” (94 Misc 2d at 71.) Similarly, in Matter of Jacob (92 Misc 2d 1027 [1978]), proceeds of an employee’s savings and stock investment plan payable to his wife as beneficiary upon his death were held available for the payment of creditors’ claims to the extent the deceased employee had been able to withdraw his interest from the plan.
Here, decedent’s state employees’ retirement plan death benefit had been assigned to the irrevocable trust and he had no power to withdraw the asset or change the beneficiary. As there is no indication or claim of a fraudulent transfer, it is clearly immune from creditors’ claims. He did maintain the power to change the beneficiary of his individual retirement account and thrift savings plan death benefit. But as to these assets the issue of control is not the only consideration.
*308 These retirement assets are protected by statute from creditors’ claims, at least during decedent’s lifetime.[2] It is generally assumed that, as nonprobate assets not falling within the few recognized exceptions, these benefits are not subject to creditors’ claims after death (e.g., Turano and Radigan, New York Estate Administration § 5.12 [2003 ed]; Preminger, Thomas, Frunzi and Hilker, Trusts and Estates Practice in New York § 8.54 [E West’s NY Prac Series 2001]). There is, however, no definitive statute that governs the treatment of these assets in the hands of the beneficiary.
Nonetheless, the continuation of protection for retirement assets after death is implicit in both the statutory treatment of such assets and the case law. EPTL 13-3.2 (a) provides that the rights of beneficiaries of a “pension, retirement, death benefit, stock bonus or profit-sharing plan, system or trust or [insurance proceeds] * * * shall not be impaired or defeated by any statute or rule of law governing the transfer of property by will, gift or intestacy.” Significantly, all of the enumerated assets are generally exempt from the property of the estate of a bankrupt. (See, Debtor and Creditor Law § 282 [ii], [iii] [2] [c].) The legislative history of its predecessor, Personal Property Law § 24-a (L 1952, ch 820, § 1) shows that the purpose of EPTL 13-3.2 is to “remove any uncertainty which may exist” as to the validity of beneficiary designations of the enumerated assets, which otherwise are arguably subject to the formalities of the statute of wills. Under the auspices of the Law Revision Commission a study was made concerning this statute’s predecessor and its cousin, Decedent Estate Law § 103-a, which permitted certain types of payments to be made directly to family members of a decedent, without administration.[3] The study reports:
“One of the main purposes which administration serves is to protect the interests of creditors. Avoidance of administration creates a risk of fraud on creditors. But to the extent that assets are exempt from creditors’ claim, that risk does not exist. Hence *309 there is an obvious relation between exemptions and provisions making administration unnecessary * * * To the extent that death benefits under pension and retirement plans are exempt, there seems to be no harm in permitting their payment to others than the personal representative.” (1951 Report of NY Law Rev Comma, at 639-640 [emphasis added].)
The logical extension of this reasoning is that to allow payment of an asset to someone other than a personal representative creates a risk of fraud on creditors, a risk that the Legislature was aware of and presumably did not intend to create. The court infers that the Legislature intends that the assets enumerated in EPTL 13-3.2 are exempt from creditors’ claims after death, as they are in life.[4]
This interpretation of the statute is supported by the inclusion of subdivision (b) which provides that “[t]his section does not limit article 10 of the debtor and creditor law * * a reference to the Fraudulent Conveyances Act. Inclusion of subdivision (b) would be meaningless if the statute did not operate to extend asset protection where fraudulent conveyance is not a factor.
There is authority in the case law to reach the same conclusion. Although Matter of Jacob (supra) was decided on the basis of decedent’s control of the asset in controversy, Surrogate Bennett acknowledged a distinction for exempt property. Following the Granwell case (supra), the Surrogate allowed creditors to reach a decedent’s interest in a savings and investment plan to the extent decedent was able to withdraw his interest in the plan. In so ruling, however, the Surrogate stated, “[i]t is to be noted that this savings and stock investment plan is neither a retirement or pension plan * * *” (92 Misc 2d at 1028).
Decedent had no right to withdraw the funds from the thrift savings plan prior to his death except in limited circumstances on a showing of hardship, not alleged here. He could not withdraw funds from his IRA without incurring significant income tax penalties. Although he retained the right to change the beneficiary of both assets, that right is not sufficient to render an asset accessible to creditors when it is otherwise exempt. As Judge Learned Hand stated in Negin v Salomon *310 (151 F2d 112 [2d Cir 1945]), concerning a retirement asset paid after the bankrupt’s death:
“There is equally little substance in the plaintiffs argument that, because the bankrupt retained power to change his wife as beneficiary, the fund ceased to be exempt. Exempt property is always property over which a bankrupt reserves a power of disposition; if it were not, it could not be part of his estate and would not need to be exempted.” (151 F2d at 114.)
Based on decedent’s lack of access to the retirement plans during his life, and the presumed intent of the Legislature to continue the protection of exempt assets following death, the court concludes that decedent’s federal thrift savings plan and individual retirement account are not subject to creditors’ claims.
For all the reasons stated above, the proposed payment is disallowed. In all other respects the accounting is approved.

. See, McCouch, Will Substitutes Under the Revised Uniform Probate Code, 58 Brook L Rev 1123, 1183 (1993) (“In the absence of an applicable statute, the law concerning creditors’ rights in nonprobate assets remains fragmented and underdeveloped”.)

. Individual retirement accounts are exempted from satisfaction of money judgments by CPLR 5205 (c) (2); EPTL 7-3.1 (b) expressly exempts such accounts from the rule that otherwise prohibits a person from creating a spendthrift trust for his own benefit. Decedent’s thrift savings plan is a retirement savings and investment plan for federal employees, also immune from creditors’ claims. (See, plan description at <www.tsp.gov> [accessed July 2, 2003].)

. The essence of the statute continues today as article 13 of the SCPA, Settlement of Small Estates Without Court Administration.

. Exposure of the enumerated assets to a beneficiary’s creditors may also have negative income tax consequences, another presumably unintended consequence. (See, Internal Revenue Service Regulations [26 CFR] § 1.401 [a]-13 [b], [c] [1] [ii].)